IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ONIE JANE PENA, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF GEORGE CORNELL, | § | |
| DECEASED | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-00439-N |
| | § | |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT, ET AL | § | |

## RULE 12(b)(6) MOTION TO DISMISS,
## AND ALTERNATIVELY PARTIAL MOTION TO DISMISS,
## OF DEFENDANTS CHAMBERS, MOLINARO AND DE GUZMAN
## AND BRIEF IN SUPPORT THEREOF
## AND ALTERNATIVELY
## MOTION FOR MORE DEFINITE STATEMENT

Respectfully submitted,

Winston L. Borum (02675500)
Borum & Hancock, L.L.P.
2485 Burnett Plaza
801 Cherry Street, Unit # 14
Fort Worth, Texas 76102
817-336-4100
Fax: 817-336-4141
Email: borum@borumhancock.com

Attorney for Shawn Chambers, M.D., Ann M.
Molinaro, R.N., and Sherwin De Guzman, R.N.,
Defendants

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................ii

I.    **Issues Presented** ..............................................................................1

II.   **Procedural Background and Preliminary Statement**...........................3

III.  **Standard of Review**...........................................................................6

IV.  **Arguments and Authorities** ...............................................................9

      A.   **Plaintiff's First Amended Complaint fails to establish a basis for the existence of constitutional rights.**.......................................................................9

      B.   **Qualified immunity: Plaintiff's First Amended Complaint does not allege actionable legal theories, or facts which (if proven) would establish that these Defendants' conduct was objectively unreasonable.**..................................13

      C.   **Plaintiff's First Amended Complaint does not allege facts which, if proven, would raise a fact issue that any or all of these individual Defendants acted with deliberate indifference.**.................................................................18

      D.   **Plaintiff's purported "official capacity" 42 U.S.C. § 1983 claims against Movants are inappropriate and should be dismissed.**...............................................20

      E.   **All allegations against Movants that may be construed as tort claims are required to be dismissed "immediately" pursuant to Sec. 101.106, Tex. Civ. Prac. & Rem. Code.**..............................................................................21

V.    **Alternative Motion for More Definite Statement** ................................23

VI.  **Defendants Adopt Applicable Grounds of Dismissal Urged by other Defendants** .....24

**Prayer** ............................................................................................25

**Certificate of Service** ........................................................................25

## TABLE OF AUTHORITIES

**CASES**

*Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689 (1979)................................................................**9**

*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007)................................................................**7, 8**

*Blair v. Cardenas,* 2008 WL 441039 (N.D. Tex 2008) ................................................................**13**

*Brown v. Miller,* 519 F3d 231 (5th Cir. 2008)................................................................**8**

*Brown v. Texas A&M University,* 804 F.2d 327 (1986)................................................................**8**

*Burnes –Toole v. Byrne,* 11 F.3d 1270 (5th Cir. 1994), cert. denied, 512 U.S. 1207 (1994).......**13**

*Calhoun v. Hargrove,* 312 F.3d 730 (5th Cir. 2002)................................................................**22**

*Club Retro, LLC v. Hilton,* 568 F.3d 181 (5th Cir. 2009) ................................................................**14**

*Colston v. Barnhart,* 130 F.3d 96 (5th Cir. 1997) ................................................................**17**

*Crawford-El v. Britton,* 23 U.S. 226 (1991) ................................................................**7**

*Crofts v. Dallas County Hosp. Dist.,* 1998 WL 75899 (N.D. Tex. 1998)................................**12**

*DeShaney v. Winnebago County Department of Social Services,* 109 S.Ct. 998, 489 U.S. 198

    (1989) ................................................................**11, 12**

*Doe v. Covington County School Dist.,* 675 F.3d 849 (5th Cir. 2012)................................**12**

*Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 455 (5th Cir. 1994), *cert. denied* 513 U.S. 815

    (1994) ................................................................**17**

*Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752 (5th Cir. 2001)................................**19, 23**

*Estelle v. Gamble,* 97 S.Ct. 285, 429 U.S. 97 (1976) ................................................................**9-10, 15, 19**

*Farias v. Bexar County Board Of Trustees,* 925 F2d 866 (5th Cir. 1991) ................................**7**

*Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970 (1994) ................................................................**18, 19, 22**

*Fox v. Cockerell,* 2009 WL 689902 (N.D. Tex. 2009)................................................................**13**

*Garris v. Rowland,* 678 F.2d 1264 (5th Cir. 1982) ..........................................................................**8**

*Gobert v. Caldwell,* 463 F.3d 339 (5th Cir. 2006) ........................................................................**23**

*Gomez v. Toledo,* 446 U.S. 635 (1980*)* ..........................................................................................**7**

*Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865 (1989) .............................................................**14**

*Graves v. Hampton,* 1 F.3 315 (5th Cir. 1993) ..............................................................................**22**

*Hafer v. Melo,* 502 U.S. 21 (1991*)* ................................................................................................**20**

*Hall v. Thomas,* 190 F.3d 693 (5th Cir. 1999) ..............................................................................**22**

*Hampton v. Oktibbeha County Sheriff Dept.,* 480 F.3d 358 (5th Cir. 2007)...............................**8**

*Hare v. City of Corinth,* 74 F.3d 633 (5th Cir. 1996) ...........................................................**9, 18, 22**

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982)...........................................................................**16-17**

*Harris v. Hegman,* 198 F.3d 153 (5th Cir. 1999) ..........................................................................**22**

*Haskew v. Wainwright,* 429 F.2d 525 (5th Cir. 1970).....................................................................**19**

*Hudson v. Hughes,* 98 F.3d 868 (5th Cir. 1996) ...........................................................................**21**

*Jacquez v. Procunier,* 801 F2d 789 (5th Cir. 1986). ....................................................................**15**

*Jefferson v. Ysleta Indep. Sch. Dist.,* 817 F.2d 303 (5th Cir. 1987) .................................................**17**

*Johnson v. Treen,* 759 F.2d 1236 (5th Cir. 1985)....................................................................**19, 23**

*Kassen v. Hatley,* 887 S.W. 2d 4 (Tex. 1994) ...............................................................................**16**

*Kinzie v. Dallas County Hospital District,* 239 F.Supp.2d 618 (N.D. Tex. 2003) ........................**15**

*Lawson v. Dallas County,* 286 F.3d 257 (5th Cir. 2002) ...............................................................**22**

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163

(1993*)* ............................................................................................................................................**6**

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130 (1992) .............................................**7**

*McKinney v. Irving Indep. Sch. Dist.,* 309 F.3d 308 (5th Cir. 2002) ...............................................**13**

*Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993)......................................................**19-20**

*Mitchel v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806 (1985) .................................................**8**

*Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997) .......................................................**22**

*Palmer v. City of San Antonio*, 810 F.2d 514 (5th Cir. 1987) ..........................................**6**

*Pierce v. Smith*, 117 F.3d 866 (5th Cir. 1997) ..............................................................**8**

*Podiatrist Ass'n. Inc. v. La Cruz Azul de Puerto Rico, Inc.*, 332 F.3d 6 (1st Cir. 2003)................**6**

*Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994) ……….......….................................**22**

*Rubinstein v. Collins*, 20 F.3d 160 (5th Cir. 1994) ……..…………………...……..….......**7**

*Saenz v. City of McAllen*, 396 F.Appx. 173 (5th Cir. 2010) ……….……….......................**13**

*Saldana v. Garza*, 684 F.2d 1159 (5th Cir. 1982) ……….……………….......................**8**

*Scheuer v. Rhodes*, 416 U.S. 232 (1974)………………….…...…….....................**16**

*Siegert v. Gilley*, 500 U.S. 226 (1991)………………………...…….....................**14**

*Sisk v. Texas Parks & Wildlife Dept*, 644 F.2d 1056 (5th Cir. 1981)…………….......................**24**

*Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999)……………………...…….................**18-19, 22**

*Taylor v. Brooks A Million, Inc.* 296 F.3d 376 (5th Cir. 2002)………….…..……….................**7**

*Weatherspoon v. Dallas County Medical Department*, 2006 WL 1234825 (N.D. Tex 2006)......**17**

*Whatley v. Philo*, 817 F.2d 19 (5th Cir. 1987) …………………..……........................**8**

*White v. Taylor*, 959 F.2d 539 (5th Cir. 1992)...........................................................**14**

*Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995).............................**8**

*Wicks v. Parkland Hospital*, 2009 WL 3363764 (N.D. Tex 2009) …...............................**12**

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) …………………....................**20-21**

*Young v. Gray*, 560 F.2d 201 (5th Cir. 1977) …………………….......…......................**22**

## RULES

Rule 12(b)(6), F.R.C.P.……………….…………….………..……...….........................**1, 6, 7, 24**

Rule 12(e), F.R.C.P. …….….……………...……...…...……………………….…..……..…...**24**

## STATUTES

42 U.S.C. § 1983…………………….….……………….…………………….....**2, 3, 9, 15, 20**

Chapter 74, Tex. Civ. Prac. & Rem. Code)……………….…………...……......…...…...**16**

Chapter 101, Tex. Civ. Prac. & Rem. Code)……………….…………….…...……….....**3, 4, 16, 21**

## UNITED STATES CONSTITUTION

Fourth Amendment, U.S. Constitution………………………...……………………..……….....**9, 18**

Eighth Amendment, U.S. Constitution…………………………...……………………….....**10, 22**

Fourteenth Amendment, U.S. Constitution …………………………...…………………....**9, 10, 12, 18**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ONIE JANE PENA, INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE §
ESTATE OF GEORGE CORNELL, §
DECEASED §
§
v. §            Civil Action No. 3:12-cv-00439-N
§
DALLAS COUNTY HOSPITAL §
DISTRICT, ET AL §

## RULE 12(b)(6) MOTION TO DISMISS,
## AND ALTERNATIVELY PARTIAL MOTION TO DISMISS,
## OF DEFENDANTS CHAMBERS, MOLINARO AND DE GUZMAN
## AND BRIEF IN SUPPORT THEREOF
## AND ALTERNATIVELY
## MOTION FOR MORE DEFINITE STATEMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME Shawn Chambers, M.D., Ann M. Molinaro, R.N., and Sherwin De

Guzman, R.N. ("individual Defendants," or "Movants"), and make and file this their

Motion to Dismiss and Brief in Support Thereof pursuant to Rule 12(b)(6), Federal Rules

of Civil Procedure, on the ground that Plaintiff's First Amended Complaint fails entirely

to state a claim upon which relief may be granted against them on all of Plaintiff's alleged

theories of action, or alternatively that certain specified separate theories of action should

be dismissed with prejudice on the ground that Plaintiff's First Amended Complaint fails

to state a claim upon which relief may be granted as to them.

### I.
### Issues Presented

This Rule 12(b)(6) Motion to Dismiss is addressed to Plaintiffs' Second Amended

Complaint (Doc. 34). The issues presented are:

**A.** Movants assert that Plaintiff's First Amended Complaint does not plead a legal and/or factual basis for the existence of rights of George Cornell that were protected by the Constitution or federal law. He was not incarcerated as a pretrial detainee or as a convicted person serving a jail or prison sentence, and his restraint and seclusion were part of the treatment for his psychiatric condition, so there was no "special relationship" conferring a right to constitutional standard of treatment. Further, "state-created danger" has not been recognized as a viable action in the 5th Circuit, and in any event the facts as pled by Plaintiff do not establish the factors for asserting that. Therefore, Movants are each entitled to judgment on the pleadings that Plaintiffs take nothing against them as to all of Plaintiff's alleged 42 U.S.C. § 1983 actions.

**B.** Movants assert that Plaintiff has not met her burden to plead facts specific to each individual Defendant which (if proven) would show that each individual Defendant violated some also specifically-pled clearly-established constitutional or federally-protected right of George Cornell (Deceased) sufficient to overcome each Defendant's assertion of qualified immunity. Therefore, Movants are each entitled to judgment on the pleadings that Plaintiffs take nothing against them as to all of Plaintiff's alleged 42 U.S.C. § 1983 actions.

**C.** Movants assert that Plaintiff has not met her burden to plead facts specific to each individual Defendant which (if proven) would show that each individual Defendant acted with deliberate indifference to a serious medical condition of George Cornell (Deceased) that was subjectively known to each individual Defendants. Plaintiffs have not plead a violation of any alleged constitutional or federally-protected right of George Cornell to health care, and each Movant is therefore entitled to judgment on the pleadings that Plaintiffs take nothing against them as to all of Plaintiff's alleged 42 U.S.C. § 1983 actions.

**D.** Movants assert that all of Plaintiff's alleged 42 U.S.C. § 1983 "official capacity" claims against them must be dismissed because, as a matter of law, such

claims may only be brought against the governmental entity which is the real party in interest: in this case, their employer and co-Defendant Dallas County Hospital District d/b/a Parkland Health & Hospital District. Movants may only be sued in their individual capacities under 42 U.S.C. § 1983.

**D.** Movants assert that, as a matter of law, all of Plaintiff's allegations that may be construed as asserting negligence and any other alleged tort causes of action against them are required to be dismissed "immediately" pursuant to Sec. 101.106(a) or (e), Tex. Civ. Prac. & Rem. Code (Texas Tort Claims Act).

**E.** Movants assert that all of Plaintiff's alleged 42 U.S.C. § 1983 "official capacity" claims against them must be dismissed because, as a matter of law, such claims may only be brought against the governmental entity which is the real party in interest: in this case, their employer and co-Defendant Dallas County Hospital District d/b/a Parkland Health & Hospital District. Movants may only be sued in their individual capacities under 42 U.S.C. § 1983.

## II.
## Procedural Background
## and Preliminary Statement

Plaintiff filed her current live pleading, Plaintiff's First Amended Complaint, on October 18, 2012. (Doc.34), alleging that George Cornell died on February 10, 2011 while a patient in the Parkland Hospital psychiatric emergency room. (Doc. 34, p. 10.) Individual Defendants Dr. Chambers and Nurse Guzman are said to have known "...of a potential heart issue as the intake form ... includes 'hyperlipidemia [high cholesterol], obesity and lipid disorder ... cardiovascular positive for palpitations." (*Id.*) In addition, Plaintiff alleges that "...George had previously been a patient at Parkland for cardiac conditions, so the health care providers were on notice of his medical history." (*Id.*) (Plaintiff does not here assert that "the health care providers" had actual subjective notice "of his medical history,"

simply that they were apparently supposed to be on constructive notice of everything in Mr. Cornell's Parkland records.) Plaintiff's allegations sound in tort, i.e. an action for negligent diagnosis and treatment rather than deliberate indifference to a subjectively known serious medical condition: "Instead of providing George adequate medical screening and treatment, the health care providers only addressed perceived psychiatric issue…." (Doc. 34, p. 12.)

Plaintiff alleges that Defendant De Guzman "was the nurse who initially saw George and failed to provide him any basic or necessary care or treatment." (Doc. 34, p. 11.) Plaintiff alleges that Dr. Chambers "was the admitting physician who did not evaluate or provide George basic and necessary medical care," and that "Dr. Chambers, with the assistance of staff he controlled and directed, administered powerful and inappropriate drugs to George in an attempt to chemically restrain George…." (*Id.*) Plaintiff alleges that "either Nurse Guzman or Dr. Chambers placed George in an unmonitored seclusion room." (*Id.*) Both of those Defendants deny the substance of the allegations against them, but understand that establishing the truth of such fact issues is not the function of this Motion.

Plaintiff characterizes the conduct of Defendants/Movants Nurse Guzman and Dr. Chambers to have been negligence, in paragraph 55. (Doc. 34, pp. 22-23.)

Plaintiff's "Factual Background" allegations (Doc. 34, pp. 10-15) do not mention Defendant Molinaro. In fact, Plaintiff's only allegation specifically describing Nurse Molinaro's conduct is that she "negligently misused the seclusion room in that she failed to monitor it and ensure that George was in a safe condition." (Doc. 34, p. 23, emphasis added.) Unquestionably, at the very least Nurse Molinaro must immediately be dismissed pursuant to Sec. 101.106, Tex. Civ. Prac. & Rem. Code.

Plaintiff characterizes the conduct of Defendants/Movants Nurse Guzman, Dr. Chambers, and Nurse Molinaro to have been negligence, in paragraph 55. (Doc. 34, pp. 22-23.)

In paragraphs 7, 10, 11, 12, and 55, Plaintiff states that Defendants Chambers, Molinaro, and De Guzman were "[a]t all material times" or "[a]t all times relevant hereto," employees of the Dallas County Hospital District d/b/a Parkland Health and Hospital System. (Doc. 34, pp. 5-6, 22.) Plaintiff purports to assert causes of action "against the Parkland-Employed Individual Defendants in their officials (*sic*) and individual capacities," (Doc. 34, p. 17) which sound in tort, but to which Plaintiff has added civil rights buzz words and phrases. (Doc. 34, pp. 17-19.) Specific civil rights violations are not factually alleged as to each individual Defendant; rather, all are treated together as if they were one person. Paragraph 46 claims to list nine civil rights violations, but the subparagraphs merely allege case-law phrases ("constitutionally [in]adequate medical care," "deliberate indifference," "unconstitutional excessive force and ... undue restraint") with no effort to tie them to specific conduct of these three individual Defendants. (Doc. 34, p. 18.) Five of the subparagraphs, (d) – (h) allege fault in the creation of customs or policies, or supervision and training of employees, which according to Plaintiff's own "factual" allegations do not pertain to conduct of these Defendants (none of whom are alleged to be "policy makers") in their individual capacities. (*Id.*)

Plaintiff alleges that all "Parkland-employed Individual Defendants," collectively, "had actual and constructive notice, based on prior incidents and the customs of Parkland, that psychiatric patients were at a profound risk of harm or death at the hands of improperly trained and unqualified subordinates in the psychiatric emergency room, but these Defendants nonetheless permitted such harm to occur without remedying it." (Doc.

34, p. 19.) Plaintiff *does not,* however, identify a serious medical condition of George Cornell of which each individual Movant had actual subjective knowledge and chose to be deliberately indifferent.

Nowhere in her First Amended Complaint does Plaintiff specify actions or inactions specific to Dr. Chambers, or Nurse Molinaro, or Nurse De Guzman that, if proven, would raise a fact issue to overcome each Defendant's independent assertion of qualified immunity--which they hereby affirmatively herein and will ultimately also affirmatively assert when and if becomes necessary to file answers) or to show deliberate indifference to a subjectively known serious medical condition. Further, on its face, Plaintiff's First Amended Complaint establishes as a matter of law that she cannot state a cause of action for negligence or any other alleged tort cause of action against Movants, and that she cannot state a cause of action against Movants for liability in any "official capacity."

### III.
### Standard of Review

Defendants acknowledge that in considering a Rule 12(b)(6) motion to dismiss, the Court is required to review the pleadings and construe the factual averments in the light most favorable to Plaintiff. *Palmer v. City of San Antonio*, 810 F.2d 514, 515 (5th Cir. 1987) *overruled in part by Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). The threshold for stating a claim may be low, but it is real. The complaint must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. *See Podiatrist Ass'n. Inc. v. La Cruz Azul de Puerto Rico, Inc.*, 332 F.3d 6, 19 (1st Cir. 2003).

A complaint must be dismissed if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A dismissal pursuant to Rule 12(b)(6) is proper when it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle a plaintiff to relief. *See Rubinstein v. Collins*, 20 F.3d 160 (5th Cir. 1994).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Brooks A Million, Inc.* 296 F.3d 376, 378 (5th Cir. 2002). Once such a motion is made, plaintiff bears the burden to establish that the court has jurisdiction, and that a proper claim has been pled. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992). In order to state a claim upon which relief can be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965, and 1974 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitations[s] of the elements of a cause of action . . . ." *Id* at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id* at 1965.This means that Plaintiff must allege more than labels and conclusions. *Id.* at 1964-65.

Qualified immunity is an affirmative defense that must be pled by the defendant claiming it. *Gomez v. Toledo,* 446 U.S. 635 (1980); *Crawford-El v. Britton,* 23 U.S. 226, 232 (1991). All three of the individual Defendants herein are hereby affirmatively asserting qualified immunity, and if it becomes necessary for them to file answers they will also assert the defense of qualified immunity therein. That being the case, the burden has shifted to Plaintiff to plead and prove a violation of a clearly established Constitutional right. *Farias v. Bexar County Board Of Trustees,* 925 F2d 866, 875 (5th Cir. 1991);

*Whatley v. Philo,* 817 F.2d 19, 20 (5th Cir. 1987); *Burns-Toole v. Byrne,* 11 F3d 1270, 1274 (5th Cir. 1994); *Garris v. Rowland,* 678 F.2d 1264, 1271 (5th Cir. 1982); *Saldana v. Garza,* 684 F.2d 1159, 1163 (5th Cir. 1982); *Hampton v. Oktibbeha County Sheriff Dept.,* 480 F.3d 358, 363 (5th Cir. 2007) (citing and quoting *Pierce v. Smith,* 117 F.3d 866, 871-72 (5th Cir. 1997)). It is now up to this Court to review Plaintiff's First Amended Complaint and determine whether the "facts" alleged establish the violation of a constitutional or other federally-protected right. *Brown v. Miller,* 519 F3d 231, 236 (5th Cir. 2008).

The same standard of review set forth in *Twombly, supra,* applies to Plaintiff's attempt to allege "official capacity" claims against Movants, and Plaintiff's apparent attempt to assert negligence and other tort claims against Movants.

Defendants also assert that it would not be appropriate for Plaintiff to respond that she cannot properly plead her case to specifically address actions/inactions of each of the individual Defendants, by complaining that she has not had the opportunity for certain pre-trial discovery. The case law is clear that Plaintiffs are not entitled to discovery, unless and until the Court has ruled that there are sufficient specific non-conclusory factual allegations in Plaintiffs' Complaint (assuming all well-pled facts to be true) to overcome Defendant's qualified immunity defense. See *Mitchel v. Forsyth,* 472 U.S. 511, 525-26, 105 S.Ct. 2806, 2815 (1985); *Wicks v. Mississippi State Employment Services,* 41 F.3d 991, 995 and Fn. 16 (5th Cir. 1995); *Brown v. Texas A&M University,* 804 F.2d 327, 333 (1986).

## IV.
## Argument and Authorities

### A.
### Plaintiff's First Amended Complaint fails to establish a basis for the existence of constitutional rights.

Plaintiffs refer to 42 U.S.C. § 1983 as if it is a source of substantive rights that can be "violated" (Doc. 34, p. 15, 17); however, that provision only provides a remedy for vindicating specified rights actually conferred by the constitution or otherwise protected by federal law. *Baker v. McCollan,* 443 U.S. 137, 144, Fn. 3, 99 S.Ct. 2689, 2694, Fn. 3 (1979). Plaintiff has not alleged facts which, if proven, would confer constitutional or other federally-protected rights the violation of which, if also proven, would allow a remedy under authority of 42 U.S.C. § 1983.

Plaintiff's First Amended Complaint does not allege how each of these individual Defendants either owed to, or violated, any specified constitutional or federally-protected right of George Cornell. Rather, in speaking of "Parkland" and the "Parkland-employed Individual Defendants," Plaintiff merely adds to her recitation of allegations (that on their face assert a health care negligence claim) that such "conduct violated George Cornell's rights recognized in caselaw and secured to him through the Due Process Clause of the Fourteenth Amendment and Fourth Amendment...." (Doc. 34, p. 13.)

The Fourteenth Amendment's due process clause has been held to grant *pretrial detainees* the right to a standard of medical care and safety (measured by objective unreasonableness and deliberate indifference), that is "constitutionally equivalent" to the standard of medical care and safety recognized under the Eighth Amendment's cruel and unusual punishment clause to convicted inmates serving jail or prison sentences. *Hare v. City of Corinth,* 74 F.3d 633, 643-45 (5th Cir. 1996); *See Estelle v. Gamble,* 97 S.Ct. 285,

429 U.S. 97 (1976) (making the 8th Amendment right applicable to the states through the 14th Amendment).

As the case is alleged by Plaintiff, Mr. Cornell was neither a pretrial detainee nor a convicted inmate serving a sentence. Nor was he a person committed involuntarily by court order to a state mental hospital. He was in Parkland's psychiatric emergency department receiving care and treatment. His liberty was not being restrained or impaired by authority of the state, but rather was deemed necessary for his emergency care as determined by the judgment of his psychiatric attending. Notwithstanding these circumstances, Plaintiff is claiming that George Cornell had a "special relationship" to the governmental entity Defendants and the "state actor" individual Defendants *equivalent to* that of an incarcerated prisoner, on the ground that he was allegedly "chemically and physically restrained" and was "locked in a seclusion room," thereby becoming "a ward of Parkland and the Individual Defendants" and "no longer capable of exercising his free will, protecting himself, or seeking medical care," which is characterized as a "custodial relationship" that "obligated Parkland and the Individual Defendants to provide constitutionally protected rights for George including his rights to adequate medical care, protection from harm, and to be free from excessive force and undue restraint." (Doc. 34, p. 34, and *see* p. 13.)

Movants submit that Plaintiff has not alleged facts which, if proven, would establish that George Cornell had a "special relationship" with these Defendants within the meaning of the Due Process clause of the 14th Amendment giving rise to a constitutionally-guaranteed level of care and treatment. It is true, as Plaintiff alleges, that Parkland is a government-owned and –operated hospital, and that these three Defendants were employees of that governmental entity when they encountered Mr. Cornell as a patient in

the course and scope of their employment as health care providers working in the psychiatric emergency department. However, Defendants submit that Mr. Cornell would have had the same relationship to them that Plaintiff has herein alleged, if he had been a psychiatric emergency department patient at a <u>private</u> hospital.

Defendants acknowledge this following oft-quoted "special relationship" rationale expressed by the Supreme Court:

> "[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause."

*DeShaney v. Winnebago County Department of Social Services,* 109 S.Ct. 998, 1005, 489 U.S. 198, 200 (1989) (citations omitted). However, in the case at bar, Mr. Cornell's restraint and seclusion were part of his psychiatric care—*not* the kind of "restraint of freedom" contemplated by the Supreme Court in *DeShaney.*

Plaintiff is asking this Court for an overly-expansive interpretation of the *DeShaney* principle, that would recognize a new "constitutional tort" applicable to government hospitals and their employees. Under this new principle, for example, every psychiatric patient whose liberty is restrained by being placed in seclusion as a part of his treatment, and every patient whose liberty is restrained by being anesthetized for surgery, and every ICU patient whose liberty is restrained by being placed into a medically-induced coma, and every patient whose liberty is restrained by application of wrist restraints to prevent falls, automatically would have a constitutionally-cloaked "special relationship" with the government entity and its employees which invites their treatment decisions to become the

basis of a new "constitutional tort." And it is common knowledge that not all such patients come to government hospitals by choice; rather, many come by ambulance after events that render them unable to make medical decisions for themselves, and the medical providers are still responsible for stabilizing and treating them.

Defendants submit that neither the Supreme Court nor the Fifth Circuit Court of Appeals has found such a "constitutional tort" to exist in a psychiatric emergency department setting, and that Plaintiff is seeking an overly-expansive interpretation of the Court's reasoning in *DeShaney, supra.* Because the case at bar does not present an "extreme circumstance" of an incarcerated prisoner, a child involuntarily placed in foster care, or one committed (by judicial application of statutory process) to a state mental institution, no Fourteenth Amendment special relationship existed. *See Doe v. Covington County School Dist.,* 675 F.3d 849, 856-58 (5th Cir. 2012). The case at bar is more analogous to that presented in *Crofts v. Dallas County Hosp. Dist.,* 1998 WL 75899 (N.D. Tex. 1998), in which the plaintiff's deceased was brought to the defendant governmental hospital by city police officers who found him disoriented and badly beaten. U.S. District Judge Fitzwater ruled that the deceased was not within the narrow restricted classes of persons having a Fourteenth Amendment "special relationship" giving rise to a constitutional right to a special duty of care by the state, *id.* at 6-7, even though the treatment required for his illness imposed transient *de facto* restrictions on his liberty. *Id.* at 8-9. *See also Wicks v. Parkland Hospital,* 2009 WL 3363764 (N.D. Tex 2009) (finding no constitutional "special relationship" where the plaintiff was brought to a government hospital for treatment after being injured in a car accident).

Plaintiff may not recover under any effort to claim that Defendants, acting under color of law, caused or contributed to a "state-created danger," because that theory of

liability has not been adopted by the Fifth Circuit Court of Appeals and in any event would not apply in this case. *Saenz v. City of McAllen,* 396 F.Appx. 173, 177 (5th Cir. 2010); *Fox v. Cockerell*, 2009 WL 689902 (N.D. Tex. 2009) (not designated for publication); *Blair v. Cardenas*, 2008 WL 441039 (N.D. Tex 2008) (not designated for publication).

Even if state-created danger *were* adopted as law in the Fifth Circuit, Plaintiff has not pled facts which, if proven, would establish a right to recover against these Defendants. Under that theory, Plaintiff would at least have to plead and prove that DCHD/PHHS policy-making officials (which do not include any of these Defendants) had culpable knowledge in creating or increasing a risk, *and* that the state actors acted with deliberate indifference to place Mr. Cornell in a position of danger. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 313-14 (5th Cir. 2002). Plaintiff has not alleged any such specific risk knowingly created or increased by these Defendants, who are not policy-making officials of DCHD/Parkland, and Plaintiff has not plead specific factual allegations (as contrasted to broad conclusory allegations) which, if proven, would establish deliberate indifference on the part of any of these Defendants. Alleged negligent misdiagnosis by a health care provider is not deliberate indifference.

### B.
### Qualified immunity: Plaintiff's First Amended Complaint does not allege actionable legal theories, or facts which (if proven) would establish that these Defendants' conduct was objectively unreasonable.

Plaintiff may not overcome Movants' assertion of the defense of qualified immunity with conclusory allegations, but rather must plead "specific facts with sufficient particularity" to negate that defense. *Burnes –Toole v. Byrne,* 11 F.3d 1270, 1274 (5th Cir. 1994), *cert. denied,* 512 U.S. 1207 (1994).

Before examining the defense of qualified immunity, it must be determined whether or not Plaintiff has even alleged infringement of a specific constitutional right. See *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 1870 (1989); *White v. Taylor,* 959 F.2d 539, 545 F2d 4 (5th Cir. 1992). Movants submit that Plaintiff has not. Plaintiff does not attempt to tie any specific constitutional provision to specific conduct of to each individual Defendant that rises to the level of constitutionally objectively unreasonable conduct.

Plaintiff has named nine so-called "Parkland Individual Defendants." Plaintiffs' First Amended Complaint does not defeat these three individual Defendants' qualified immunity defenses by citing any clearly established federal right of George Cornell supposedly violated by each of them (*see Siegert v. Gilley,* 500 U.S. 226, 231-34 [1991]) and then identifying the conduct of each of them that was supposedly objectively unreasonable in light of clearly established law that violated such a specified constitutionally-protected right (*see Club Retro, LLC v. Hilton,* 568 F.3d 181, 194 [5[th] Cir. 2009]). Plaintiff does not identify a serious medical condition of George Cornell with respect to which she alleges that each individual Defendant, by name, supposedly had actual subjective knowledge (as opposed to some imagined constructive knowledge) and then chose to ignore with deliberate indifference. To the contrary, Plaintiff pleads that the individual Defendants did in fact render assessment and care for Mr. Cornell, but that *as a collective group* they ignored signs and symptoms that Plaintiff says *should* have led them to diagnose and treat an impending coronary event. As to these three individual Defendants, Plaintiff's First Amended Complaint is an improper attempt to re-cast a health care liability claim of alleged negligent misdiagnosis as a violation of some unarticulated

federal right. And there is no allegation that any of these three Movants used excessive physical restraint on Mr. Cornell that precipitated a fatal coronary event.

Use of 42 U.S.C. § 1983 "technical buzz words," including "deliberate indifference," does not suffice to state a cause of action without alleging facts as to each individual Defendant that, if proved, would constitute a civil rights cause of action as to that Defendant. See *Jacquez v. Procunier,* 801 F2d 789, 792 (5th Cir. 1986). In *Kinzie v. Dallas County Hospital District,* 239 F.Supp.2d 618, 629 (N.D. Tex. 2003), District Judge Sam Lindsay pointed out that "the addition of the modifiers ('consciously disregarded,' 'recklessly,' 'grossly negligent,' 'deliberate indifference,' 'conscious disregard,' 'intentionally,' 'callous,' and 'deliberate') and use of legal legerdemain do not transform the underlying conduct from simple negligence into a constitutional tort." On the face of her Complaint as to these three Defendants, Plaintiff's "factual" allegations clearly described a health care liability claim for alleged negligent misdiagnosis and treatment of. Her attempts to make it a civil rights claim have been by merely adding general and conclusory allegations.

Defendants have argued in subparagraph **IV.A.,** above, that Plaintiff has not alleged facts which, if proven, would establish that a "special relationship" existed that conferred a constitutional right to medical care for Mr. Cornell. Even assuming, *arguendo,* that such a "special relationship" existed, the United States Supreme Court has made it clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gambele*, 429 U.S. at 106, 97 S.Ct. at 292 (1976) (plaintiff prisoner sued various prison officials alleging violation of his civil rights for their alleged failure to provide adequate medical care). Clearly, there is no "constitutional tort" actionable under 42 U.S.C. § 1983.

The state law medical negligence tort claim which Plaintiff's "factual allegations" actually reflect would be subject to the many Texas law limitations (principally, Chapters 101 and 74, Tex. Civ. Prac. & Rem. Code) on tort claims and health care liability claims against employees of government entities. Unquestionably, that is why Plaintiff is trying to morph her allegations into a civil rights case. But even while doing so, Plaintiff's allegations (referenced above) reveal this to be a state law tort claim for alleged negligent failure timely to diagnose and treat a heart condition that was allegedly aggravated by "excessive force" and "undue restrain" on the part of Defendants other than these Movants.

Defendants assert the defense of qualified immunity, and Plaintiff's First Amended Complaint alleges that at all material times each of them was acting in the course and scope of his or her employment with the Dallas County Hospital District. (Doc. 34, pp. 34-35, 22-23.) The Dallas County Hospital District is a unit of local government. *See Kassen v. Hatley*, 887 S.W. 2d 4, 13 (Tex. 1994). As stated above, Plaintiff has alleged in her Complaint that Defendants were acting as employees of a unit of government at all times relevant to Plaintiff's allegations.

The qualified immunity defense reflects an attempt to balance competing values: not only the importance of a damages remedy to protect the rights of citizens, but also "the need to protect officials who are required to exercise discretion and the related public interest in encouraging the vigorous exercise of official authority." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court established an objective test for determining if an official has qualified immunity from a §1983 claim. Under this test, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known." *Id.* at 818. See also, *Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303, 305 (5th Cir. 1987). The defense of qualified immunity protects a public official from liability in the performance of his duties unless he violates a clearly established statutory or constitutional right of another known to or knowable by a reasonable person. For a right to be "clearly established," it must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443 at 455 (5th Cir. 1994), *cert. denied* 513 U.S. 815 (1994). The bifurcated test for qualified immunity is:

(1) whether the Plaintiff has alleged a violation of a clearly established constitutional right as to a government official defendant; and,

(2) if so, whether the government official defendant's conduct was objectively unreasonable in the light of clearly established law at the time of the incident.

*Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997); *see also, Weatherspoon v. Dallas County Medical Department*, 2006 WL 1234825 (N.D. Tex 2006).

As discussed above, Plaintiff's First Amended Complaint does not even attempt to allege that each individual Defendant violated any identified clearly established constitutional right of Mr. Cornell and that each individual Defendant's conduct was objectively unreasonable. Accordingly, each Defendant is entitled to judgment as a matter of law based on qualified immunity. *See Weatherspoon, id.* Also, as Defendants have argued in subparagraph **IV.A.,** above, there was no "special relationship" in the constitutional sense giving rise to <u>any</u> "clearly established constitutional right" as to Movants.

### C.
### Plaintiff's First Amended Complaint does not allege facts which, if proven, would raise a fact issue that any or all of these individual Defendants acted with deliberate indifference.

Defendants renew, as being appropriate at this point their Argument and Authorities in subparagraph **IV.A.**, above, addressing the issue that Plaintiff has not pled facts which, if proven, would raise the factors required for existence of a "special relationship" between George Cornell and these individual Defendants giving rise to a constitutionally-protected right to medical care.

Plaintiff's First Amended Complaint does not allege that these Defendants violated any specified constitutional or federally-protected right of George Cornell. Rather, in speaking of "Parkland" and the "Parkland-employed Individual Defendants," Plaintiff merely adds to her recitation of allegations that on their face are merely a medical negligence claim that such "conduct violated George Cornell's rights recognized in caselaw and secured to him through the Due Process Clause of the Fourteenth Amendment and Fourth Amendment...." (Doc. 34, p. 13.)

The Fourteenth Amendment's due process clause has been held to grant pretrial detainees the right to a "constitutionally equivalent" level of medical care afforded by the Eighth Amendment's cruel and unusual punishment clause to convicted inmates serving jail or prison sentences. *See Hare v. City of Corinth,* 74 F.3d at 643-45. (Mr. Cornell was neither a pretrial detainee nor a convicted inmate serving a sentence.)

Although the Eighth Amendment does not explicitly so mandate, Movants acknowledge that the "cruel and unusual punishment" clause has been interpreted to impose a duty on prison officials to provide inmates with a certain level of medical care. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1776 (1994); *Stewart v. Murphy,*

174 F.3d 530, 533 (5th Cir. 1999). A prison doctor's "deliberate indifference" to the serious medical needs of a prisoner can constitute the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. at 105-06; *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 754 (5th Cir. 2001). However, federal courts will not inquire into the adequacy or sufficiency of medical care of inmates unless prison officials appear to have abused the broad discretion they possess in this area. *Haskew v. Wainwright*, 429 F.2d 525, 526 (5th Cir. 1970). Movants submit that Plaintiff's allegations as to them amount to nothing more than complaints about the adequacy or sufficiency of Mr. Cornell's health care.

As the court in *Domino* stated, "deliberate indifference is an extremely high standard to meet." *Domino*, 239 F.3d at 756. The Court went on to say that "It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference." *Id.* at 756 (emphasis added); *see also, Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). A plaintiff must show that the defendant government officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* "[T]he question whether an x-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act." *Estelle*, 429 U.S. at 107 (emphasis added). Even the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838, 114 S. Ct. at 1970 (emphasis added). In *Mendoza v. Lynaugh*, 989 F.2d 191

(5th Cir. 1993), the Court upheld the trial court's dismissal of the inmate Plaintiff's claims for allegedly delayed medical care (which he said he badly needed for his back), noting from review of the medical records that he had in fact received treatment for his back (which he disagreed with). *Id.* at 193. "Further, delay in medical care can only constitute an Eight Amendment violation if there has been deliberate indifference, which results in substantial harm." *Id.* at 195. Plaintiff's "factual" allegations as to these Movants actually assert negligent failure to diagnose that Mr. Cornell may have been at risk for a fatal cardiac event if he became agitated, even though Plaintiff tries to label Movants' conduct as "deliberate indifference." The Fifth Circuit has made it clear that this is not to be allowed.

**D.**
**Plaintiff's purported "official capacity" 42 U.S.C. § 1983**
**claims against Movants are inappropriate and should be dismissed**

Defendants move that all such "official capacity" claims against them be dismissed. Plaintiff alleges that Defendants Chambers, Molinaro, and De Guzman were acting in the course and scope of their employment with the governmental unit Dallas County Hospital District, at all times material to her allegations. (Doc. 34, pp. 34-35, 22-23.) Nonetheless, Plaintiff purports to sue these Defendants for alleged civil rights violations under 42 U.S.C. § 1983 in their "official capacities." (Doc. 34, p. 17.)

It is well established that when an employee of a governmental unit is sued in his or her individual capacity, the governmental entity is the real party in interest. *See Hafer v. Melo,* 502 U.S. 21, 25-26 (1991) and *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989), holding that a suit against a government official in his official capacity is not a suit

against the official, but is a suit against the official's office and the governmental entity for which the official is an agent. *See also Hudson v. Hughes,* 98 F.3d 868, 872 (5th Cir. 1996).

## E.
### All allegations against Movants that may be construed as tort claims are required to be dismissed "immediately" pursuant to Sec. 101.106, Tex. Civ. Prac. & Rem. Code.

Plaintiff alleges that Defendants Chambers, Molinaro, and De Guzman were acting in the course and scope of their employment with the governmental unit Dallas County Hospital District, at all times material to her allegations. (Doc. 34, pp. 34-35, 22-23.) Plaintiff alleges that Movants were negligent, and that Parkland is vicariously liable for that alleged negligence. (Doc. 34, pp. 21-23). It is unclear to Movants that Plaintiff is *not* seeking to recover against them on any theory of negligence. To be certain about this, Movants ask the Court for an order dismissing any and all negligence claims as to them "with prejudice" pursuant to Sec. 101.106, Tex. Civ. Prac. & Rem. Code, the applicable portions of which are as follows:

> "(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
> \* \* \* \* \* \* \* \* \* \* \* \*
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."

Sec. 101.106 (a) and (e), Tex. Civ. Prac. & Rem. Code. Movants ask that Plaintiff confirm in the Court record that she is *not* asserting any tort cause of action against them. Otherwise, Movants herein assert the bar in subsection (a), and ask the Dallas County Hospital District to file a motion to have them dismissed immediately under subsection (e).

An Eighth Amendment claim consists of two components, one objective and one subjective. *Farmer,* 511 U.S. at 839.  To satisfy the objective requirement, a plaintiff must prove that he was exposed to a substantial risk of serious harm.  *Id.* at 834; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).  To satisfy the subjective requirement, a plaintiff must demonstrate that defendant government employees were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson,* 286 F.3d at 262

To raise an issue as to this deliberate indifference subjective standard, a plaintiff must establish that a defendant was *actually aware* of an excessive risk to the plaintiff's health or safety, and yet *consciously disregarded* the risk, i.e. "[t]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference.*" *Farmer*, 511 U .S. at 837, 840-41 (emphasis added). *See also, Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534; *Hare v. City of Corinth*, 74 F.3d at 648.  Exceptional circumstances are required for a defendant's knowledge of a substantial risk of harm to be inferred by the alleged obviousness of a risk.  *Farmer*, 511 U.S. at 842; *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).
Mere negligence, neglect, and/or medical malpractice do not rise to the level of a constitutional violation. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment"); *Stewart*, 174 F.3d at 534.  Nor does disagreement with an inmate's medical treatment amount to an Eighth Amendment violation.   *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997); *Graves v. Hampton*, 1 F.3 315, 319-20 (5th Cir. 1993); *Young v. Gray*, 560 F.2d 201 (5th Cir. 1977). "Rather, the plaintiff must show that the official 'refused to treat him, ignored his complaints, intentionally treated him

incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson*, 759 F.2d at 1238 (5th Cir. 1985). According to Plaintiff's own allegations, that did not happen. Plaintiff alleges that these three Movants/Defendants were treating George Cornell for his psychiatric illness while failing to "connect the dots" and diagnose and treat him for an impending cardiac event. Her suit should have been brought as a health care liability claim against Movants' employer subject to the limitations of Texas Medical Liability Act and the limited permission to sue granted by the Texas Tort Claims Act.

Defendants' conduct, even interpreting Plaintiff's "factual" allegations in the light most favorable to her, does not rise to the level of egregious intentional conduct required to satisfy the deliberate indifference standard. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Plaintiff's First Amended Complaint not only fails to allege facts as to each individual Defendant that would establish deliberate indifference on each individual Defendant's part, but in fact they demonstrate the absence of deliberate indifference. Applying the standards of *Domino* to this matter, Plaintiff has failed to plead a Fourteenth Amendment or Eighth Amendment cause of action against any of the individual Defendants. She has not pled facts that (if proven) would show that each individual Defendant was actually subjectively aware of a known serious medical condition that such individual Defendant then chose deliberately to disregard.

## V.
## Alternative Motion for More Definite Statement

Defendants maintain that Plaintiffs have had sufficient opportunity to re-plead, and that it would be unjust to allow them to do so in the face of the various Defendants' motions to dismiss based on the current Complaint. However, in the event that Movants'

Motion to Dismiss is not granted, and alternatively without waiver: in the event that Defendants' Rule 12(b)(6) motion is not granted, then pursuant to Rule 12(e), F.R.C.P. Defendants move that this Honorable Court to order that Plaintiff submit an amended Complaint containing sufficient detail to meet Movant's following objections to Plaintiff's current pleading: the allegations of paragraphs 42-47 of Plaintiff's First Amended Complaint (Doc. 34, pp. 14-19) fail to state with any particularity the specific alleged conduct of each of these Movants that supposedly violated specified constitutional rights of George Cornell; rather, Plaintiff has chosen the ambiguous "shotgun" approach, grouping these three Movants with all of the "Parkland-Employed Individual Defendants" and generally attributing all alleged misconduct to all of them, and generally concluding that all are therefore guilty of civil rights violations. *See Sisk v. Texas Parks & Wildlife Dept,* 644 F.2d 1056, 1058 (5th Cir. 1981). Further, most of that supposed conduct has to do with "creating a custom" allegations that, according to the "facts" as alleged by Plaintiff as to these Defendants, have no application to them—and in any event would be inappropriate "official capacity" claims as to these Defendants as Plaintiff has alleged their roles and conduct as is discussed elsewhere herein.

## VI.
### Defendants Adopt Applicable Grounds
### of Dismissal Urged by other Defendants

To the extent that they are applicable to these Defendants, Movants hereby adopt by reference the grounds and supporting arguments and authorities for dismissal advanced by co-Defendants whose grounds for dismissal would similarly apply to these Movants.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants each pray that the Court grant their motion to dismiss for failure to state a claim on which relief can be granted against them, and render and sign an order that Plaintiff take nothing by her claims or alternatively that specified alleged causes of action be dismissed with prejudice as requested above; that Defendants recover their costs in this behalf expended; and that Defendants have such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

Winston L. Borum (02675500)
Borum & Hancock, L.L.P.
2485 Burnett Plaza
801 Cherry Street, Unit # 14
Fort Worth, Texas 76102
817/336-4100
Fax: 817/336-4141
Email: borum@borumhancock.com

Attorney for Shawn Chambers, M.D., Ann M. Molinaro, R.N., and Sherwin De Guzman, R.N., Defendants

### Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Rule (b)(6) Motion to Dismiss was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on the date that this document is being electronically filed with the Court: February 7, 2013.

Winston L. Borum