IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ONIE JANE PENA, individually | § | |
| and as representative of the Estate | § | |
| of George Cornell, deceased | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:12-cv-439-N |
| | § | |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRCT, D/B/A PARKLAND | § | |
| HEALTH AND HOSPITAL SYSTEM | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS GIVENS AND ACHEBE'S RULE 12(b)(6) MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM WITH BRIEF IN SUPPORT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ............................................................................................ 1

I.     FACTUAL AND PROCEDURAL BACKGROUND ................................... 1

II.    LEGAL STANDARD ................................................................................. 3

III.   ARGUMENT .............................................................................................. 4

        A.     Plaintiff Has No Fourth Amendment Claim Because No "Seizure" Occurred. ........................................................... 6

        B.     Plaintiff's Allegations Sound in Negligence and Therefore Fail to "Shock the Conscience" for Fourteenth Amendment Purposes. ............................................ 8

        C.     Plaintiff's Own Allegations Show that Plaintiff Cannot Prevail on Her Excessive Force Claim Against Givens and Achebe. ............................................ 11

               1.     Plaintiff's allegations show that neither Givens's nor Achebe's actions were the direct and only cause of Cornell's death. ..................................... 12

               2.     Plaintiff's allegations provide no context within which the Court can evaluate whether Givens's or Achebe's actions were excessive, or unreasonably excessive. ................................ 13

        D.     Plaintiff Cannot Overcome Givens's and Achebe's Qualified Immunity Through Group Pleading. ......................... 14

CONCLUSION ................................................................................................ 16

CERTIFICATE OF SERVICE ...................................................................... 17

# TABLE OF AUTHORITIES

*Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807 (1994)..............................................5

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .........................................................3–4, 14

*Aucoin v. Haney*, 306 F.3d 268 (5th Cir. 2002)............................................................4

*Baldwin v. Stalder*, 137 F.3d 836 (5th Cir. 1998) ....................................................13

*Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348
(2d Cir. 2004)................................................................................................................6–7

*Chavez v. Martinez*, 538 U.S. 760, 123 S. Ct. 1994 (2003)........................................8

*County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708
(1998) ...........................................................................................................................8–9

*Davidson v. City of Jacksonville, Fla.*, 359 F. Supp. 2d 1291
(M.D. Fla. 2005) .............................................................................................................7

*Gonzales v. Kay*, 577 F.3d 600 (5th Cir. 2009) .......................................................3–4

*Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989)...................................6, 13

*Haddix v. Kerss*, 203 F. App'x 551 (5th Cir. 2006) ...............................................5, 11

*Huguet v. Barnett*, 900 F.2d 838 (5th Cir. 1990) ......................................................12

*Jackson v. Culbertson*, 984 F.2d 699 (5th Cir. 1993) ...............................................11

*Kinzie v. Dallas County Hosp. Dist.*, 239 F. Supp. 2d 618
(N.D. Tex. 2003) ....................................................................................................*passim*

*Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994) .................................11

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996)................................................................4

*Nickols v. Morris*, 705 F. Supp. 2d 579 (N.D. Tex. 2010)......................................5–6

*Peete v. Metro. Gov't of Nashville & Davidson County*, 486 F.3d
217 (6th Cir. 2007) .........................................................................................................6

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) .............................................................8

*Pierce v. Smith*, 117 F.3d 866 (5th Cir. 1997)..............................................................4

*Reliable Consultants, Inc. v. Earle*, 517 F.3d 738 (5th Cir. 2008) ........................3–4

*Santibanes v. City of Tomball, Tex.*, 654 F. Supp. 2d 593
(S.D. Tex. 2009) ...................................................................................................9–10

*Savidge v. Fincannon*, 836 F.2d 898 (5th Cir. 1988) ....................................................7

*Shayesteh v. Raty*, 404 Fed. Appx. 298 (10th Cir. 2010) .........................................16

*Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999)...........................................5, 15–16

*Tarver v. City of Edna*, 410 F.3d 745 (5th Cir. 2005)................................................12

*United States v. Guidry*, 456 F.3d 493 (5th Cir. 2006) ...............................................8

*Wagner v. Bay City, Texas*, 227 F.3d 316 (5th Cir. 2000) ..............................5, 13–14

## Statutes & Regulations

U.S. CONSTITUTION, 4TH AMENDMENT .........................................................................6

42 U.S.C. § 1983 ...............................................................................................*passim*

# INTRODUCTION

Ronald Givens and Alexander Achebe are entitled to qualified immunity because Plaintiff's amended complaint still fails to allege a constitutional violation under either the Fourth or Fourteenth Amendments.   An official's restraining a person to render medical treatment is not, as Plaintiff contends, a Fourth Amendment seizure.   So Plaintiff has no Fourth Amendment claim.   Nor does Plaintiff have a Fourteenth Amendment claim.   Her allegations show negligence, at most, and therefore fail to "shock the conscience"—the touchstone of a Fourteenth Amendment claim.   What's more, conscience shocking or not, Plaintiff has pleaded her way out of an excessive force claim.   She has affirmatively alleged that the injuries at issue were caused by people besides Givens and Achebe, meaning that neither Givens nor Achebe were the "direct and only cause" of the alleged injuries. Finally, Plaintiff's complaint provides no factual context by which to evaluate Givens's or Achebe's alleged use of force as excessive or unreasonably excessive.   So the Court should dismiss Plaintiff's First Amended Complaint, and dismiss Givens and Achebe from this action.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Around midnight on February 11, 2011, George Cornell ran to a fire station near his home, and complained to the firemen about chest pains.   Cornell was also known to suffer from psychiatric issues.   So Cornell was transported to Parkland Hospital ("Parkland") for medical treatment and psychiatric evaluation.[1]

---

[1] Pl.'s First Am. Compl., Docket Entry No. 34, ¶ 26. Defendants Givens and Achebe accept the facts outlined above as true only for purposes of this motion .

Cornell arrived at Parkland around 2:00 a.m., and reported his condition to Parkland employees.[2]  About twenty-four minutes later, Cornell "became agitated" because he felt he was not being treated fairly.  So Dr. Chambers, "with the assistance of staff he controlled and directed," administered Cornell some drugs to restrain Cornell, and then placed him in a seclusion room.[3]  Dr. Brown, "with the assistance of staff he controlled and directed," administered additional drugs to Cornell.  According to Plaintiff, Dr. Brown should not have administered the second dose because it aggravated Cornell's purported heart condition.[4]

Plaintiff alleges that three psychiatric technicians (or "techs")—Defendants Roberts, Givens, and Achebe—then used "brutal, unnecessary, and unconstitutionally excessive force" on two occasions to physically restrain Cornell, "including holding [Cornell] down in the prone position, using improper techniques and pressing his face to the floor in the seclusion room."[5]  The second use of "unconstitutionally excessive force lasted for over 15 minutes."[6]  Cornell was then left alone, face down in the seclusion room.[7]

Sometime later Cornell was found unresponsive in the seclusion room.  He had died.[8]  According to Plaintiff, Cornell's death resulted from a combination of (1) Cornell's heart condition, (2) heavy medication, and (3) "the brutal physical

---

[2] *Id.* ¶ 27.
[3] *Id.* ¶ 28.
[4] *Id.* ¶ 29.
[5] *Id.* ¶ 30.
[6] *Id.*
[7] *Id.*
[8] *See id.*

assault of having his face forced into the floor as he was being piled upon, and then being left face down with an untreated heart issue . . . ."[9]

About a year later, Plaintiff filed suit in state court against Parkland and UT Southwestern, raising claims for violation of 42 U.S.C. § 1983 and negligence. Plaintiff also listed as defendants several Jane and John Does.[10]

After Parkland and UT Southwestern removed the case to this Court, Plaintiff filed an amended complaint naming the Jane and John Doe defendants, including Givens and Achebe.[11]  Plaintiff's First Amended Complaint against Givens and Achebe should be dismissed, however, because the allegations fail to establish a constitutional violation, and thus fail to overcome Givens's and Achebe's qualified immunity.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks omitted). The complaint must therefore offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation," and must "permit the court to infer more than the mere possibility of misconduct[.]" *Ashcroft v. Iqbal*,

---

[9] *Id.* ¶ 31.
[10] *See* Notice of Removal, Docket Entry No. 1.
[11] Docket Entry No. 32.

129 S. Ct. 1937, 1949–50 (2009).  Otherwise "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  In deciding a motion to dismiss, a court accepts all well-pleaded facts as true, and views them in the light most favorable to the plaintiff. *Gonzales*, 577 F.3d at 603.  But a formulaic recitation of the elements and legal conclusions, because of their conclusory nature, receive no presumption of truth. *Iqbal*, 129 S. Ct. at 1449.

### III.  ARGUMENT

Although Plaintiff has raised claims under Fourth and Fourteenth Amendments, she has no such claim against Givens and Achebe because Plaintiff's allegations are insufficient to over come Givens's and Achebe's qualified immunity. When defendants assert qualified immunity as a defense in their motions to dismiss, plaintiff bears the burden of overcoming the defense.  *See, e.g., Morin v. Caire*, 77 F.3d 116, 119–20 (5th Cir. 1996); *see also Pierce v. Smith*, 117 F.3d 866, 871–72 (5th Cir.1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs.").  To overcome defendants' qualified immunity, plaintiffs must make three showings: (1) defendants violated a constitutional right; (2) the alleged right was clearly established when violated; and (3) defendants acted unreasonably in light of the clearly established right.  *Aucoin v. Haney*, 306 F.3d 268, 272 (5th Cir. 2002).  Furthermore, in qualified immunity cases, each defendant's conduct must be pleaded and examined separately; allegations that "the

defendants" harmed the plaintiff are insufficient.   *See, e.g.*, *Stewart v. Murphy*, 174 F.3d 530, 536–37 (5th Cir. 1999).

Here, Plaintiff's allegations fail to overcome Givens's and Achebe's qualified immunity for several reasons.   First, Plaintiff's First Amended Complaint fails to establish a Fourth Amendment seizure, and therefore a Fourth Amendment claim. *See Nickols v. Morris*, 705 F. Supp. 2d 579, 588 (N.D. Tex. 2010).   Second, Plaintiff fails to establish a Fourteenth Amendment violation because her allegations speak of negligence and thus do not "shock the conscience."   *See, e.g.*, *Kinzie v. Dallas County Hosp. Dist.*, 239 F. Supp. 2d 618, 626–27 (N.D. Tex. 2003).   Third, even if the Court ignores the Fourteenth Amendment's "shocks the conscience" requirement, Plaintiff still fails to state a claim since her allegations neither satisfy the direct and only cause requirement, *see, e.g., Haddix v. Kerss*, 203 F. App'x 551, 554 (5th Cir. 2006), nor provide the factual context necessary to evaluate Givens's and Achebe's alleged use of force as excessive, or unreasonably excessive.   *See, e.g.*, *Wagner v. Bay City, Texas*, 227 F.3d 316, 321 (5th Cir. 2000).   Finally, Plaintiff's allegations that "the Individual Defendants" harmed Cornell, without showing what each defendant actually did, are insufficient to overcome Givens's and Achebe's qualified immunity.   *Stewart*, 174 F.3d at 536–37.   Givens and Achebe are therefore entitled to qualified immunity and should be dismissed from this action.

## A.   Plaintiff has no Fourth Amendment claim because no "seizure" occurred.

Because Cornell was not "seized" for Fourth Amendment purposes, Plaintiff has no Fourth Amendment claim.   Identifying the specific constitutional right

allegedly infringed is the first step in analyzing a § 1983 claim, or a defendant's qualified immunity to such a claim. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807 (1994). "The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right[.]" *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865 (1989).

Here, Plaintiff has asserted a Fourth Amendment violation. A Fourth Amendment claim arises out of a governmental search or seizure. *See* U.S. Const. amend. IV. Plaintiff's allegations mention nothing of a search, but focus instead on Cornell's being "seized."

"A Fourth Amendment seizure occurs when [an] officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Nickols*, 705 F. Supp. 2d at 588. But there are no allegations showing an officer, such as the police officers that took Cornell to Parkland, used physical force or a show of authority to restrain Cornell before taking him to the hospital. To the contrary, the allegations indicate that the officers took Cornell to Parkland at Cornell's request.[12]

Although it is true that Cornell was at some point restrained after he became "agitated,"[13] mere restraint is not a Fourth Amendment "seizure." *See, e.g.*, *Peete v. Metro. Gov't of Nashville & Davidson County*, 486 F.3d 217, 222 (6th Cir. 2007) (holding that paramedics did not "seize" patient under the Fourth Amendment where the paramedics applied the restraint to treat the patient and not to enforce

---

[12]Pl.'s First Am. Compl. ¶¶ 26–27.
[13]Pl.'s First Am. Compl. ¶ 28.

the law, to deter, or to incarcerate); *Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 361 (2d Cir. 2004) (holding that a state attorney general's order that an incompetent patient receive life-sustaining treatment was not a Fourth Amendment "seizure" where attorney general neither compelled the patient's presence in the hospital nor administered the treatment for any reason other than to save the patient's life); *Davidson v. City of Jacksonville, Fla.*, 359 F. Supp. 2d 1291, 1295 (M.D. Fla. 2005) (holding that emergency medical personnel's restraint and forced treatment of patient was not a Fourth Amendment "seizure").

The Fourteenth Amendment and its substantive due process component instead govern the claims of state-hospital patients, such as Cornell, against the medical personnel that treat them.  *See, e.g., Savidge v. Fincannon*, 836 F.2d 898, 907 & n.44 (5th Cir. 1988) (applying Fourteenth Amendment's substantive due process component to evaluate § 1983 claim of voluntarily committed patient at a state hospital); *Kinzie*, 239 F. Supp. 2d at 626–27 (holding that Fourteenth Amendment governed former patient's § 1983 claim against state hospital).  So if Plaintiff has a constitutional claim at all, her claim arises solely under the Fourteenth Amendment.  The Court should therefore dismiss Plaintiff's Fourth Amendment claim as a matter of law.

## B. Plaintiff's Allegations Sound in Negligence and Therefore Fail to "Shock the Conscience" for Fourteenth Amendment Purposes.

Plaintiff has not pleaded a Fourteenth Amendment violation, and therefore cannot overcome Givens's and Achebe's qualified immunity, because the Plaintiff's allegations show mere negligence and thus fail to shock the conscience.  Since

Plaintiff lacks a Fourth Amendment claim, she must satisfy the heightened requirements of the Fourteenth Amendment. "[A] plaintiff whose claim is not susceptible to proper analysis with reference to a specific constitutional right may still state a claim under § 1983 for a violation of his or her Fourteenth Amendment substantive due process right, and have the claim judged by the constitutional standard which governs that right." *Petta v. Rivera*, 143 F.3d 895, 901 (5th Cir. 1998). "[T]he substantive component of the Due Process clause is violated by [state] action which shocks the conscience." *Id*. at 901 n.5; *see also United States v. Guidry*, 456 F.3d 493, 506 n.8 (5th Cir. 2006) ("[T]he Fourteenth Amendment requires a heightened inquiry (the 'shock the conscience' standard) than the Fourth Amendment[.]").

A state actor's conduct shocks the conscience only when such conduct "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Kinzie,* 239 F. Supp. 2d at 626 (internal quotation marks omitted). Although this standard "is imprecise and amorphous," it is well established that plaintiffs must show more than mere negligence to satisfy the shocks the conscience standard. *Id*. at 627–28. "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S. Ct. 1708 (1998). Rather, conscience-shocking conduct is "conduct intended to injure in some way unjustifiable by any government interest." *Chavez v. Martinez*, 538 U.S. 760, 775, 123 S. Ct. 1994, 2005 (2003) (internal quotation marks omitted).

In *Kinzie*, the court held that a former state-hospital patient had failed to satisfy the "shocks the conscience" standard even though the patient's complaint, like the complaint here, contained liberal uses of conscience-shocking words, such as "reckless," "conscious disregard," and "deliberate." *Id.* at 628–29. The former patient in *Kinzie* had received a blood transfusion contaminated with the HIV virus during a surgery conducted at a state hospital, but did not discover that fact until several years later. *Id.* at 628. The former patient then filed a §1983 action against the hospital, alleging that the hospital violated his substantive due process rights by failing to properly screen the blood for the HIV virus before using it in the patient's operation. *Id.* The court dismissed the former patient's claim, however, because when stripped of its conscience shocking words, the complaint showed negligence at most, i.e. the mere failure to properly screen blood for HIV. *Id.* at 629. Indeed, as the court noted, the former patient's own allegations pleaded the hospital's conduct in negligence terms, and lacked a showing of malicious or intentional conduct. *Id.* at 630. The court therefore held that plaintiff's allegations failed to shock the conscience and dismissed plaintiff's claims. *Id.*; *cf. Lewis*, 523 U.S. at 849 (holding that an allegedly reckless high-speed car chase that resulted in a citizen's death failed to shock the conscience); *Santibanes v. City of Tomball, Tex.*, 654 F. Supp. 2d 593, 609 (S.D. Tex. 2009) (holding that plaintiff's allegations that officer accidentally, or recklessly, discharged his weapon and injured plaintiff failed to shock the conscience because accidental or reckless conduct does not rise to the level of intentional or deliberate conduct).

If an official's failure to screen for HIV positive blood, reckless pursuit of a suspect, or reckless discharge of a weapon all fail to shock the conscience, as in *Kinzie*, *Lewis,* and *Santibanes*, it remains to be seen how Plaintiff can ever state a Fourteenth Amendment claim in this case.   Plaintiff's allegations are no more conscience-shocking than the allegations in those cases.

Moreover, Plaintiff has done little more than use the same insufficient conscience-shocking words that the plaintiff in *Kinzie* used, such as "brutal,"[14] and "unconstitutionally excessive force."[15]   But the pleaded facts fail to back up these assertions.   All that Plaintiff alleges as to Givens and Achebe is that they twice "us[ed] improper techniques and pressed [Cornell's] face to the floor in the seclusion room," once for more than fifteen minutes.[16]   Plaintiff also alleges that Givens and Achebe were "undertrained," and lacked "qualified training,"[17] which only further indicates a lack of malicious or intentional conduct—the kind needed to shock the conscience.   But an "improper" use of restraint techniques by (allegedly) undertrained and unqualified employees speak of negligence, not a malicious and deliberate use of unconstitutional force.   In fact, just like the patient in *Kinzie*, Plaintiff has couched Givens's and Achebe's alleged conduct in negligence terms.[18] Accordingly, Plaintiff's allegations fail to shock the conscience.   As such, Plaintiff's amended complaint fails to overcome Givens's and Achebe's qualified immunity.   So

---

[14] Pl.'s First Am. Compl. ¶¶ 30, 32, 36–37;
[15] *Id*. ¶¶ 30, 32.
[16] Pl.'s First Am. Compl. ¶ 30.
[17] Pl.'s First Am. Compl. ¶¶ 2, 36.
[18] Pl.'s First Am. Compl. ¶ 55(e).

the Court should dismiss Plaintiff's Fourteenth Amendment claims against Givens and Achebe, whether for excessive force or deliberate indifference (if any).[19]

## C.   Plaintiff's Own Allegations Show that Plaintiff Cannot Prevail on Her Excessive Force Claim Against Givens and Achebe.

Plaintiff's excessive force claims against Givens and Achebe are self-defeating and implausibly pleaded.   To establish a violation of Cornell's rights against excessive force, and thus overcome Defendants' qualified immunity, Plaintiff is required to plead facts showing "'(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable.'"   *Haddix*, 203 F. App'x at 554 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001)); *see also Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (noting that the standard for excessive force claims is the same, whether such claims are raised under the Fourth, Eighth, or Fourteenth Amendments).   The Court should therefore dismiss Plaintiff's Fourteenth Amendment excessive force claims against Givens and Achebe because (1) Plaintiff's allegations show that Givens's and Achebe's alleged actions were *not* the direct and only cause of Cornell's death, and (2) Plaintiff's allegations provide no context within which the Court may determine whether Givens's and Achebe's conduct was excessive, or, if excessive, unreasonable.

---

[19] Moreover, because only state actors are alleged to have injured Cornell, Plaintiff's claims are not actionable under the special relationship doctrine, which Plaintiff also pleaded.  *See, e.g.*, Pl.'s First Am. Compl. ¶ 35.   That doctrine applies only when *non-state actors* inflict injury.  *See, e.g., Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 529 (5th Cir. 1994) ("The special relationship doctrine is properly invoked in cases involving harms inflicted by third parties, and it is not applicable when it is the conduct of a state actor that has allegedly infringed a person's constitutional rights.").

### 1.   Plaintiff's allegations show that neither Givens's nor Achebe's actions were the direct and only cause of Cornell's death.

Plaintiff has no excessive force claim because Plaintiff's own allegations show that neither Givens nor Achebe were the direct and only cause of Cornell's death. The direct-and-only-cause requirement precludes excessive force claims based on injuries resulting from the justified use of force, *see, e.g., Huguet v. Barnett*, 900 F.2d 838, 841 (5th Cir. 1990), *abrogated on other grounds by Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995 (1992); or injuries resulting from a pre-existing condition or the acts of a third party, *see Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005).

Here, Plaintiff lists three causes for Cornell's death, two of which have little or nothing to do with Givens and Achebe: (1) Cornell's heart condition;[20] (2) the doctors' administration of drugs to Cornell;[21] and (3) Givens's and Achebe's purported application of force.[22]   But if these allegations are accepted as true, Plaintiff cannot prevail on her claim.   Givens's and Achebe's alleged use of force cannot be "the direct and only cause" of Cornell's death if the doctors' administration of medicine also caused Cornell's death.   Plaintiff has therefore failed to allege a plausible excessive force claim under the Fourteenth Amendment, and to overcome Givens's and Achebe's qualified immunity.   Her claims should be dismissed.

---

[20] Pl.'s First Am. Compl. ¶ 31 ("The medical examiner's office ruled George died of cardiac complications during 'an acute psychosis from schizophrenia.'").

[21] *Id.* ¶ 55(b) ("The negligent use of dangerous drugs . . . ultimately were a cause of George's death according to the medical examiner.").

[22] *Id.* ¶ 55(e).

### 2. Plaintiff's allegations provide no context within which the Court can evaluate whether Givens's or Achebe's actions were either excessive or unreasonably excessive.

Even if the Court set aside the direct and only cause requirement, Plaintiff's excessive force claim against Givens and Achebe would still fail because Plaintiff's allegations do not show why Givens's or Achebe's conduct amounted either to clearly excessive force, or unreasonably excessive force. The test for whether a use of force was clearly excessive is an objective one. *See, e.g.*, *Wagner v. Bay City, Tex.*, 227 F.3d 316, 321 (5th Cir. 2000). "'[T]he amount of force that is constitutionally permissible . . . must be judged by the context in which that force is deployed.'" *Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)). In considering the reasonable need for force, courts consider whether the plaintiff posed an immediate threat to the safety of others, and whether the plaintiff was actively resisting or fleeing authority. *See Graham*, 490 U.S. at 396, 109 S. Ct. at 1872. A court must also look at the facts and circumstances "from the perspective of a reasonable [official] on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396, 109 S. Ct. at 1872. Officials are therefore entitled to wide-ranging deference in the quick and decisive actions they must often take. *Baldwin,* 137 F.3d at 840.

Furthermore, the mere fact that officials use excessive force does not deprive them of qualified immunity. An official is still entitled to qualified immunity on an excessive force claim if their use of excessive force was objectively reasonable under

the circumstances.  *See, e.g.*, *Wagner*, 227 F.3d at 321 (holding that a reasonable but mistaken use of excessive force entitled police officers to qualified immunity).

Under these principles, Plaintiff's complaint lacks facts to show whether Givens or Achebe used clearly excessive force, or that the (assumed) excessive force they used was unreasonable.  Plaintiff *asserts* their use of force was "brutal" and "unconstitutionally excessive," but there are no facts that would *show* the court why the alleged use of force was brutal or unconstitutionally excessive.  To the contrary, Plaintiff's pleadings indicate that at least some force was warranted.  For example, Plaintiff alleges, without explanation, that Cornell "became agitated."[23]  And, although Plaintiff contends that the combination and timing of the drugs that the doctors administered were inappropriate,[24] Plaintiff does not allege facts to show there was no need to chemically restrain Cornell after he became, as Plaintiff puts it, "agitated."  In other words, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1449.  Plaintiff's claims should therefore be dismissed because they are implausible and fail to override Givens's and Achebe's qualified immunity.

## D.   Plaintiff Cannot Overcome Givens's and Achebe's Qualified Immunity Through Group Pleading.

It is unclear exactly which constitutional claims are raised against Givens and Achebe.  The only allegations that actually mention Givens and Achebe, are limited to their alleged restraint of Cornell.[25]  Yet, Plaintiff alleges in her complaint

---

[23] Pl.'s First Am. Compl. ¶ 28.
[24] *See, e.g.*, Pl.'s First Am. Compl. ¶¶ 28–29.
[25] *Id*. ¶ 30.

that that all "Parkland-employed Individual Defendants," had "actual and constructive notice, based on prior incidents and the customs of Parkland, that psychiatric patients were at a profound risk of harm or death at the hands of improperly trained and unqualified subordinates in the psychiatric emergency room, but *these Defendants* nonetheless permitted such harm to occur without remedying it";[26] and that the "Individual Defendants" acted with "deliberate indifference to the medical needs of George Cornell," among other things.[27]  There are, however, no specific factual allegations that show why Givens and Achebe were on notice of, say, Cornell's medical condition, or explain who "these Defendants" even are.

Besides being implausible, *see Iqbal*, 129 S. Ct. at 1949–50, prolix allegations that "the defendants harmed unlawfully me" are insufficient to overcome an official's qualified immunity.  In *Stewart*, for example, the court rejected a plaintiff's argument that a prison doctor's qualified immunity could be overcome through allegations of cumulative negligence by the prison medical staff.  Qualified immunity requires each defendant's conduct to be examined separately, the court held, and the plaintiff failed to establish that *the doctor* violated the plaintiff's constitutional rights.  174 F.3d at 536–37.

The court in *Shayesteh v. Raty*, 404 Fed. Appx. 298 (10th Cir. 2010), reached the same conclusion under similar facts.  *Id.* at 301.  The plaintiff in *Shayesteh* sued an FBI agent after the FBI had seized property from the plaintiff's safe-deposit box.

---

[26] *Id.* ¶ 47 (emphasis added).
[27] *Id.* ¶ 46.

*Id.*  Although the FBI admitted to conducting the seizure in a forfeiture complaint filed in a separate action, the court held that such an admission was insufficient to establish a constitutional claim against the FBI agent because nothing showed the particular agent was involved in that seizure.  *Id.*

Plaintiff's allegations that the "Individual Defendants" harmed Cornell are no different than the complaints of cumulative, governmental harm the plaintiffs raised in *Stewart* and *Shayesteh*.  So Plaintiff's claims should suffer the same fate as the claims in *Stewart* and *Shayesteh*—dismissal.

## CONCLUSION

Plaintiff's allegations are insufficient to overcome Givens's and Achebe's entitlement to qualified immunity, which leaves Plaintiff without a claim against Givens or Achebe.  Plaintiff was not seized for Fourth Amendment purposes and thus has no Fourth Amendment claim.  And, because Plaintiff's claims sound merely in negligence, Plaintiff has no Fourteenth Amendment claim.  Moreover, Plaintiff's excessive force claim is not plausible since Plaintiff's own allegations show that Givens and Achebe were not the direct and only cause of Cornell's death, and fail to show that Givens and Achebe used excessive force, whether unreasonably or at all.  Finally, while it is unclear whether Plaintiff raised additional claims against Givens and Achebe, it is clear that any such claims should be dismissed. Plaintiff's allegations are asserted, impermissibly, against the "Individual Defendants."  The Court should therefore grant Givens and Achebe's motion, and dismiss Plaintiff's claims against them.

Date: February 7, 2013

Respectfully submitted,

/s/ E. Leon Carter
E. Leon Carter
State Bar No. 03914300
lcarter@carterstafford.com
Joshua J. Bennett
State Bar No. 24059444
jbennett@carterstafford.com
**CARTER STAFFORD ARNETT
HAMADA & MOCKLER, PLLC**
8150 N. Central Expy, Ste. 1950
Dallas, Texas 75206
Telephone: (214) 550-8188
Facsimile: (214) 550-8185

**ATTORNEYS FOR RONALD
GIVENS AND ALEXANDER
ACHEBE**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2013, the foregoing motion was served on all counsel of record through the Court's electronic filing system.

/s/ E. Leon Carter
E. Leon Carter