IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ONIE JANE PENA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF GEORGE CORNELL, DECEASED, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 3:12cv00439 |
| DALLAS COUNTY HOSPITAL DISTRICT d/b/a PARKLAND HEALTH AND HOSPITAL SYSTEM; UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER AT DALLAS; and KEVIN T. BROWN, M.D., SHAWN CHAMBERS, M.D., ANN M. MOLINARO, SHERWIN DE GUZMAN, JOHNNY ROBERTS, RONARLD GIVENS, ALEXANDER ACHEBE, JOHN QUINN, M.D., NANCY SCHIERDING, VERNELL BROWN, RONNIE JOE ANDERSON, M.D., JOHN JAY SHANNON, M.D. and JOHN GREGORY FITZ, M.D. all in their Individual and Official Capacities, | § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS JOHN JAY SHANNON, M.D.'s AND RONNIE JOE ANDERSON, M.D.'s MOTION FOR RULE 7(a) REPLY AND TO STAY DISCOVERY**

TO THE HON. JUDGE GODBEY:

COME NOW Defendants John Jay Shannon, M.D., and Ronnie Joe Anderson, M.D., and, pursuant to Fed. R. Civ. 7(a)(7), file this *Motion for Rule 7(a) Reply and to Stay Discovery*, requesting, in the event that Plaintiff's claims are not dismissed, that the Court order Plaintiff to file a Rule 7(a) reply with sufficient specificity to overcome Defendants' qualified immunity

defense, and order a stay of discovery until the qualified immunity issue is resolved by the Court. Thus, prior to requiring the Plaintiff to file a Rule 7(a) reply, Defendants Anderson and Shannon would urge the Court to dismiss Plaintiff's claims pursuant to Defendants' Rule 12(b) and 12(c) consolidated motions to dismiss and pursuant to Parkland's Motion to Dismiss Plaintiff's First Amended Complaint. Should Plaintiff's claims not be dismissed thereunder, or should those motions be only partially granted, Defendants would show the Court as follows:

## I. MOTION

As to the claims asserted against them, Defendants Anderson and Shannon raise the affirmative defense of qualified immunity. After a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate that the individual defendants are not entitled to qualified immunity. *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). Defendants Anderson and Shannon now move the Court to require Plaintiff to file a Rule 7(a) reply to overcome their defense of qualified immunity, and to issue a protective order to stay discovery pending a determination of the qualified immunity issue.

## II. ARGUMENT AND AUTHORITY REGARDING IMMUNITY

Defendants Anderson and Shannon hereby incorporate by reference and for all purposes Section II of their Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b) and 12(c), which asserts their qualified immunity defense and provides authority in support thereof.

### III. RULE 7(a) REPLY

The Fifth Circuit has adopted a heightened pleading requirement and procedure for cases involving § 1983 claims against governmental officials asserting the defense of qualified immunity. *See, e.g., Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (*en banc*). "[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996); *see also Elliot v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985) ("we require of trial judges that they demand that the plaintiff's complaints state with factual detail and particularity the basis for the claim, which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity").

Encompassed within this procedure is the right of the Defendants to be informed of the allegations against them in a fact-specific way. Under the established procedure, trial courts require a plaintiff to file a reply under Federal Rule of Civil Procedure 7(a) to the defense of qualified immunity, in which the plaintiff must "support [the] claim with *sufficient precision and factual specificity* to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (emphasis added), *quoting Schultea*, 47 F.3d at 1434; *see also Baca v. Joshi*, 2008 WL 4369767, *2 (N.D. Tex. 2008) (plaintiff "must allege particularized facts which, if proved, would defeat a qualified immunity defense"). "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established constitutional statutory or constitutional rights of which a reasonable person would have known.'" *Winston v. City of Shreveport*, 390 Fed. Appx. 379, 383 (5th Cir. 2010), *quoting Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity

protects all but the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). A plaintiff cannot overcome qualified immunity with conclusory allegations, but rather must plead "specific facts with sufficient particularity" to negate the defense. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994), *cert. denied*, 512 U.S. 1207 (1994). "Vindicating the immunity doctrine will ordinarily require such a [Rule 7(a)] reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1433.

A claim of qualified immunity invokes a two-prong inquiry. *Siegert v. Gilley*, 500 U.S. 226, 231-34 (1991). The first question is whether a plaintiff has alleged a violation of a clearly established constitutional right. *Id.* at 231. If the nonconclusory allegations show that the official violated a constitutional right, then the next step is to determine whether the official's conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident. *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). A court has discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case. *Pearson*, 555 U.S. at 233. Thus, a plaintiff's pleadings must establish, through specific facts and not mere conclusions, that:

- the defendant violated an existing constitutional right on the facts presented;

- the right was apparent to a reasonable public official under clearly established law at the time of the occurrence; and

- under the facts known to the defendant at the time in question, no reasonable official could have believed that the defendant's alleged conduct was lawful.

At the motion to dismiss stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.'" *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (emphasis in original). Under the 7(a) procedure, the Court should require the plaintiff to

make specific, concrete facts to demonstrate, if she is able, that Defendants Anderson and Shannon violated Cornell's constitutional rights, and explain why their conduct was objectively unreasonable in light of the existing circumstances and legal rules clearly established at the time of the incident. *See Pecena v. Martin*, 2012 WL 3627643, *2-3 (N.D. Tex. 2012) (court ordered a Rule 7(a) reply because plaintiff had not pled sufficient facts to satisfy the second prong of qualified immunity); *Johnson v. Tex. Dep't of Criminal Justice*, 2012 WL 1066507, *5 (E.D. Tex. 2012) (court ordered a Rule 7(a) reply requiring plaintiff to "delineate specific, concrete facts and dates which pertain to the alleged violation of Plaintiff's rights by these defendants in contravention of 42 U.S.C. § 1983" and "also clearly plead the facts regarding each defendants personal involvement in each type of claim asserted by Plaintiff").

## IV. MOTION TO STAY DISCOVERY

In conjunction with a Rule 7(a) reply, Defendants also move the Court for a protective order to stay discovery pending a determination of the qualified immunity issue. Qualified immunity shields government officials from suit, and is not a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). A principal purpose of qualified immunity is to protect state officials not only from liability but also from defending against a claim. *Gaines v. Davis*, 928 F.2d 705, 706-07 (5th Cir. 1991). Qualified immunity is a substantive right. *Schultea v. Wood*, 47 F.3d at 1433. A defendant entitled to claim qualified immunity should be shielded as much as possible from "the burdens of broad-reaching discovery." *Harlow*, 457 U.S. at 817-18. Indeed, the Supreme Court has held that qualified immunity protects officials "from the concerns of litigation, *including avoidance of disruptive discovery*." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1953, 173 L. Ed.2d 868, 892 (2009) (emphasis added). To receive protection from

broad-reaching discovery, qualified immunity should be treated as a threshold issue that acts as a bar to a court's ability to hear the plaintiff's claims. *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. at 526. In *Siegert v. Gilley*, the Supreme Court instructed that "[u]ntil this *threshold* immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)(emphasis in original), *quoting Harlow*, 457 U.S. at 818. The Fifth Circuit has repeatedly held that "[e]ven limited discovery on the issue of qualified immunity 'must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998); *Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996), *quoting Wicks v. Mississippi State Employment Serv.*, 41 F.3d at 994 & n. 10; *Nieto v. San Perlita Independent School Dist.*, 894 F.2d 174, 177 (5th Cir. 1990).

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon*, 305 F.3d at 323, *citing Bazan ex rel. Bazon v. Hidalgo County*, 246 F. 3d 481, 489 (5th Cir. 2001). Discovery must not proceed until the Court first finds that the plaintiff's pleadings assert facts that, if true, overcome the defense of qualified immunity. *Wicks v. Mississippi State Employment Serv.*, 41 F.3d 991, 994 (5th Cir. 1995). The heightened pleading requirement directs the plaintiff to allege particular facts forming the basis of the claim including those that would prevent a defendant from successfully maintaining a qualified immunity defense. *Wicks*, 41 F.3d at 995. Thus, the plaintiff must demonstrate *prior to discovery* that the claims are sufficiently fact specific to remove the cloak

of protection afforded by qualified immunity. *Gains*, 928 F.2d at 706-07; *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 620 (5th Cir. 1992). "A complaint which raises the likely issue of immunity cannot be cast in 'broad indefinite and conclusory terms,' but must include detailed facts supporting the contention that the plea of immunity cannot be sustained." *Hick v. Bexar County*, 973 F. Supp. 653, 673 (W.D. Tex. 1997), *citing Lion Boulos v. Wilson*, 834 F.2d 504, 509 (5th Cir. 1987). Unless the plaintiff's allegations state a claim of violation of clearly established law, defendants pleading qualified immunity are entitled to dismissal before discovery. *Mitchell*, 472 U.S. at 526.

In this case, until the Court granted UTSW's motion to dismiss and ordered the plaintiff to replead, the plaintiff and defendants had agreed to stay discovery. (Doc 32). The stay of discovery should continue. The Plaintiff's complaints are general and conclusory, and likely cannot surpass *Schultea*'s heightened pleading threshold. Defendants, therefore, request that the Court stay discovery until the qualified immunity issue is resolved.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Anderson and Shannon pray that this Court order plaintiff to file a Rule 7(a) reply to Defendants' qualified immunity defense and, if the plaintiff cannot overcome *Schultea*'s heightened pleading threshold, that the Court dismiss the case against these Defendants in their individual capacity. Defendants further pray that this Court stay discovery until the qualified immunity issue is resolved. Defendants pray for such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

/s/ DAVID LUNINGHAM
State Bar No. 12698850
dluningham@watsoncaraway.com
/s/ HELENA VENTURINI
State Bar No. 24065082
hventurini@watsoncaraway.com
/s/ BRIAN SCOTT BRADLEY
State Bar No. 90001672
sbradley@watsoncaraway.com
WATSON, CARAWAY, MIDKIFF & LUNINGHAM, LLP
309 West 7th Street
1600 Oil & Gas Building
Fort Worth, Texas  76102
Ph: (817) 870-1717 | Fax: (817) 338-4842

**ATTORNEYS FOR DEFENDANT DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the undersigned counsel for Defendants Anderson and Shannon, David Luningham, attempted to confer with Plaintiff's counsel in charge of conference as to this matter, Brent Rosenthal. Defendants will supplement this Certificate when conference has taken place.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the counsel of record as indicated below on this 8th day of February, 2013.

| | |
|---|---|
| Charla G. Aldous<br>Brent R. Walker<br>ALDOUS LAW FIRM<br>2311 Cedar Springs Road, Suite 200<br>Dallas, Texas 75201<br>Fax: 214-526-5525 | VIA ECF ELECTRONIC NOTICE SERVICE<br>And Fax |
| Brent M. Rosenthal<br>LAW OFFICE OF<br>BRENT M. ROSENTHAL, PC<br>One Lincoln Center<br>5400 LBJ Freeay, Suite 1260<br>Dallas, Texas 75240<br>Fax: 214-871-6640 | VIA ECF ELECTRONIC NOTICE SERVICE<br>And Fax |
| Janice Robinson Pennington<br>PENNINGTON FIRM<br>3302 30th Street<br>San Diego, CA 92104<br>Fax: 619-940-5157 | VIA ECF ELECTRONIC NOTICE SERVICE<br>And Fax |

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| Michael W. Youtt<br>William Burns<br>KING & SPALDING, LLP<br>1100 Louisiana, Suite 4000 | VIA ECF ELECTRONIC NOTICE SERVICE |

Houston, Texas 77002
ATTORNEYS FOR DEFENDANTS
THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER
AND DEFENDANTS KEVIN BROWN, JOHN QUINN, AND JOHN FITZ

E. Leon Carter                                    VIA ECF ELECTRONIC NOTICE SERVICE
Joshua Bennett
CARTER STAFFORD ARNETT HAMADA
   & MOCKLER, PLLC
Campbell Centre II
8150 N. Central Expressway, Suite 1950
Dallas, Texas 75206
ATTORNEYS FOR DEFENDANTS
ALEXANDER ACHEBE AND RONALD GIVENS

William Krueger                                   VIA ECF ELECTRONIC NOTICE SERVICE
Brett Gardner
McKAMIE KRUEGER, LLP
2007 N. Collins, Suite 501
Richardson, Texas 75080
ATTORNEYS FOR DEFENDANT JOHNNY ROBERTS

Winston Borum                                     VIA ECF ELECTRONIC NOTICE SERVICE
BORUM & HANCOCK, L.L.P.
801 Cherry Street, Suite 2485
Fort Worth, Texas 76102
ATTORNEYS FOR DEFENDANTS
ANN MOLINARO, SHAWN CHAMBERS, AND SHERWIN DE GUZMAN

William Andrew Messer                             VIA ECF ELECTRONIC NOTICE SERVICE
Jennifer Decurtis
MESSER LAW FIRM, P.L.L.C.
6351 Preston Road, Suite 350
Frisco, Texas 75034
ATTORNEYS FOR DEFENDANTS
NANCY SCHIERDING AND VERNELL BROWN


                                                  /s/ DAVID LUNINGHAM

CASE NO. 3:12-CV-00439-N: DEFENDANTS JOHN JAY SHANNON, M.D.'s AND RONNIE JOE ANDERSON,
M.D.'s MOTION FOR RULE 7(a) REPLY AND TO STAY DISCOVERY - Page 10 of 10