**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ONIE JANE PENA, individually** | § | |
| **and as representative of the Estate** | § | |
| **of George Cornell, deceased** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:12-cv-439-N** |
| | § | |
| **DALLAS COUNTY HOSPITAL** | § | |
| **DISTRICT, D/B/A PARKLAND** | § | |
| **HEALTH AND HOSPITAL SYSTEM** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**THE INDIVIDUAL DEFENDANTS' JOINT RESPONSE TO THE**
**COURT'S OCTOBER 25, 2013 SHOW CAUSE ORDER**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

I.   PROCEDURAL BACKGROUND ....................................................................3

II.  ARGUMENT & AUTHORITIES ......................................................................8

     A.   The Individual Defendants Understood Cases Such as *Williams* to Mean that the Court Lacked Jurisdiction Over Them, Indicating that Their Not Filing Answers or Dispositive Motions Was not a Deliberate Disregard of the Court's Scheduling Order........................................................................9

     B.   The Individual Defendants Did Not File Answers or Dispositive Motions Because, Given Their Appeal, Such Filings Would Have Been a Nullity Since Arguably the District Court Lacks Jurisdiction to Further Alter the Status of this Case.................................................................13

     C.   Despite Their Pending Appeal, the Individual Defendants Conferred in Good Faith with Plaintiff in an Attempt to Informally Resolve the Issues on Appeal .............................................15

CONCLUSION..................................................................................................17

CERTIFICATE OF SERVICE..................................................................................19

## TABLE OF AUTHORITIES

*A.A. ex rel. Archuletta v. Martinez*, No. 12-cv-00732, 2012 WL
5974170 (D. Colo. Oct. 9, 2012) .................................................................13

*Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890
(5th Cir. 2009) ...............................................................................................14–15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................2, 11–12

*Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012) ........................................11

*Carty v. Rodriguez*, 211 Fed. Appx. 292 (5th Cir. 2006) ...........................10

*Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817 (5th Cir. 1989)........10

*Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d
1059 (5th Cir. 1990) .......................................................................................14–15

*Galla v. Citizens Medical Center*, No. V-10-14, 2011 WL 23233
(S.D. Tex. Jan. 4, 2011).................................................................................13

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) .............10

*Helton v. Clements*, 787 F.2d 1016 (5th Cir. 1986).....................................3

*Herrera v. Santa Fe Public Schools*, No. 11-cv-0422, 2012 WL
6846393 (D.N.M. Dec. 20, 2012).................................................................13

*John v. Louisiana*, 828 F.2d 1129 (5th Cir. 1987)....................................9, 16

*Lollar v. Baker*, 196 F.3d 603 (5th Cir. 1999)............................................3

*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379
(1985) ............................................................................................................10

*Marshall v. Segona*, 621 F.2d 763 (5th Cir. 1980)....................................9

*M.G. v. Metro. Interpreters & Translators, Inc.*, No. 12-cv-460,
2013 WL 690833 (S.D. Cal. Feb. 26, 2013) ................................................13

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ..................................................12

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996)...............................................2

*Ozee v. Am. Council on Gift Annuities, Inc.*, 110 F.3d 1082 (5th
Cir. 1997).......................................................................................................11

*Roberts v. Storage & Relocation Servs. Inc.*, 34 Fed. Appx. 962
(5th Cir. 2002) ........................................................................................8

*Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877
(5th Cir. 1993) .....................................................................................10

*Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382 (5th Cir. 1978)............................8

*Townsend v. BAC Home Loans Servicing, LP*, 461 Fed. Appx. 367
(5th Cir. 2011) ......................................................................................9

*Vander Zee v. Reno*, 73 F.3d 1365 (5th Cir. 1996) ....................................................11

*Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991 (5th Cir. 1995).................2–3, 11–12

*Williams v. Brooks*, 996 F.2d 728 (5th Cir. 1993) ............................................*passim*

*Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401 (5th Cir. 2007) ..................10–11

### Statutes & Regulations

FED. R. CIV. P. 7(a) ..................................................................................15

FED. R. CIV. P. 12(a)(4)..........................................................................9

FED. R. CIV. P. 16(f) ...............................................................................8

FED. R. CIV. P. 55...................................................................................9

TO THE HONORABLE JUDGE DAVID GODBEY:

Defendants Ronnie Joe Anderson, John Jay Shannon, Kevin T. Brown, John Quinn, J. Gregory Fitz, Nancy Schierding, Vernell Brown, Johnny Roberts, Shawn Chambers, Sherwin de Guzman, Ann Molinaro, Ronald Givens, and Alexander Achebe, (collectively the "Individual Defendants") file this Joint Response to the Court's October 25, 2013 Show Cause Order and would respectfully show as follows.

## INTRODUCTION

This action was originally filed in state court in early 2012, but against defendants Parkland and UT Southwestern only. The Individual Defendants in this case—doctors, nurses, and other medical personnel at Parkland and UT Southwestern—were not personally named in this action until October of 2012. These medical professionals timely filed responses to Plaintiff's First Amended Complaint, by filing motions to dismiss the Plaintiff's claims against them based their entitlement to qualified immunity, which the Court denied.

Although the Individual Defendants have not filed answers, or new dispositive motions as provided in the Court's scheduling order,[1] these actions were not taken to defy the Court's Scheduling Order, to delay the case, or to unnecessarily tax the judicial system. To the contrary, as exhibited by their timely filed responses to Plaintiff's First Amended Complaint, the Individual Defendants have the utmost respect for the Court and its orders, and apologize to the Court for *any* conduct that has conveyed any other impression. The dilemma the Individual Defendants face, however, is that based on their understanding of controlling

[1] *See* Scheduling Order, Docket Entry No. 86, at 1–2.

authority from the Fifth Circuit and Supreme Court, jurisdiction over the Individual Defendants is vested exclusively with the Fifth Circuit on all issues related to qualified immunity.

Looking to such cases as *Williams v. Brooks*, 996 F.2d 728 (5th Cir. 1993), the Individual Defendants believe that by their filing timely notices of appeal, this Honorable Court was automatically divested of jurisdiction over the appealing defendants. *See id.* at 730 (holding that filing of notice of appeal divested court of jurisdiction after filing of notice of appeal in immunity case, and stating that "the traditional rule that the filing of a notice of appeal divests a district court of jurisdiction applies with particular force in the immunity context") (collecting cases). Indeed, the ostensible vesting of jurisdiction in the Fifth Circuit played a decisive role in the Individual Defendants' decision not to file answers or dispositive motions based on qualified immunity. This is especially true because qualified immunity is the basis for the Individual Defendants' appeal.

Furthermore, the Individual Defendants believed that they had more than a good-faith basis for filing the appeal because they believed both that qualified immunity can be raised in a motion to dismiss before an answer is filed, and that the appeal is proper based on the fact the Court's order also permitted discovery prior to resolution of the qualified immunity issue on the pleadings. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 672-75, 685-86 (2009); *Morin v. Caire*, 77 F.3d 116, 120-21 (5th Cir. 1996); *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994-95 (5th

Cir. 1995); *Lollar v. Baker*, 196 F.3d 603, 606 n.3 (5th Cir. 1999); *Helton v. Clements*, 787 F.2d 1016, 1016–17 (5th Cir. 1986) (per curiam).

Accordingly, the Individuals Defendants respectfully submit that they are not attempting to needlessly delay the case. In fact, despite their right to pursue the pending appeal, they have conferred extensively with counsel for Plaintiff to work out an agreeable way to move the case forward in the trial court, and the culmination of those efforts is reflected in Plaintiff's unopposed motion for a new scheduling order and for expedited disposition.[2] Defendants still wish to do so. Accordingly, for the reasons explained below, the Individual Defendants respectfully submit that the Court should not hold the Individual Defendants in contempt, or sanction them or their counsel, for asserting their rights to qualified immunity based on their good-faith understanding of controlling precedent.

## I.    PROCEDURAL BACKGROUND

Plaintiff Pena originally filed this action against Dallas County Hospital District, doing business as Parkland Health and Hospital System ("Parkland"), University of Texas Southwestern Medical Center at Dallas ("UT Southwestern"), and "John/Jane Does 1–30" in state court on January 20, 2012, which was later removed to federal court.[3] According to the allegations in Plaintiff's original complaint (or "petition"), Plaintiff's son, George Cornell, went to Parkland to receive medical treatment but died while at Parkland, allegedly as a result of a combination

---

[2] *See* Mot. to Am. Sched. Order, Docket Entry No. 96.
[3] *See* Notice of Removal, Docket Entry No. 1.

of excessive force, improper and forced medication, and deliberate indifference of Parkland's and UT Southwestern's medical staff to Cornell's need for treatment.[4]

In response to these allegations, UT Southwestern filed a motion to dismiss on February 17, 2012,[5] while Parkland filed its motion to dismiss on March 8, 2012.[6] The Court granted UT Southwestern's motion to dismiss on September 4, 2012, and permitted Plaintiff to replead within fourteen days of the date of the Court's order.[7] Plaintiff then moved to extend the deadline by which to replead, which the Court granted.[8]

Plaintiff then filed her First Amended Complaint on October 18, 2012, naming, for the first time, the several John and Jane Doe defendants—the Individual Defendants.[9]   Because the various defendants were served at different times,[10] the parties jointly moved for, and the Court granted, the entry of a briefing schedule that permitted the Individual Defendants to file their responses to Plaintiff's First Amended Complaint by February 8, 2013.[11]

Each of the Individual Defendants timely filed their respective responses to Plaintiff's First Amended Complaint by filing motions to dismiss on qualified immunity grounds.[12]   The Court then denied the motions to dismiss on June 26, 2013, concluding that because the appellants had not filed answers asserting

---

[4] Pl.'s First Am. Compl., Docket Entry No. 34, ¶¶ 25–37.
[5] Docket Entry No. 6.
[6] Docket Entry No. 12.
[7] Order, Docket Entry No. 31.
[8] Order, Docket Entry No. 33.
[9] *See* Pl.'s First Am. Compl.
[10] See, for example, the various returns of service on file, such as Docket Entry Nos. 40, 43.
[11] Docket Entry No. 47. Some of the Individual Defendants were permitted to file their responses by February 11, 2013. *See* Docket Entry No. 60.
[12] *See* Docket Entry Nos. 50–52, 54, 56–57, 61–62, and 65.

qualified immunity, they had not properly asserted the defense, and therefore could not obtain dismissal under that defense.[13] The Court then issued a scheduling order containing various pretrial deadlines on the parties.[14]

On July 16 and 17, 2013, the Individual Defendants filed their respective notices of appeal.[15] Although the Individual Defendants believed that they did not need a stay from this Court or the Fifth Circuit to invoke appellate jurisdiction, the Individual Defendants *did* need to request a stay to obtain a stay over the entire case, including the non-appealing Defendants UT Southwestern and Parkland. So, the Individual Defendants filed an unopposed motion to stay the entire case as to *all* defendants, including UT Southwestern and Parkland.[16] After the Court denied that motion, the Individual Defendants filed a motion to stay with the Fifth Circuit on July 25, 2013, which sought a stay of all district court proceedings for *all* defendants during the pendency of the Individual Defendants' appeal.[17]  Plaintiff then filed a motion to dismiss the appeal in the Fifth Circuit for lack of appellate jurisdiction.[18]

On September 25, 2013, the Fifth Circuit denied both Plaintiff's motion to dismiss the appeal for lack of jurisdiction, and the Individual Defendants' motion to stay an Order on the pending motions.  The Fifth Circuit denied the motion to stay based on its finding that the Individual Defendants had not shown irreparable

---

[13] *See* Order, Docket Entry No. 85, at 9–10.
[14] *See* Scheduling Order, Docket Entry No. 86, at 1–2.
[15] *See* Docket Entry Nos. 87, 89.
[16] *See* Docket Entry No. 91.
[17] *See* Pls.' Mot. to Am. Scheduling Order, Ex. 1, Fifth Circuit Order at 1–3.
[18] *See, e.g., id*.

harm since, under the Fifth Circuit's reading of the Court's Scheduling Order, the Individual Defendants could obtain a discovery stay by filing an answer and asserting qualified immunity.[19] The Fifth Circuit's Order also noted that a stay as to UT Southwestern and Parkland was premature because they had not yet been subject to discovery, and it was not clear how the district court would rule on any such issues.[20]  Nowhere, however, did the Fifth Circuit state that it did not have jurisdiction over the appeal or that the trial court retained jurisdiction over the case during the still-pending appeal. To the contrary, the Fifth Circuit retained jurisdiction of the Individual Defendants' appeal by denying Plaintiff's motion to dismiss the appeal.[21] The Fifth Circuit then set a briefing schedule. The Individual Defendants' appeal briefs are currently due on November 18.[22]

Following the Fifth Circuit's Order, Plaintiff's counsel and counsel for the Individual Defendants conferred regarding a proposed motion to amend the scheduling order.[23] The purpose of this meeting was to seek agreement on a basis for moving the case forward in the trial court, rather than to continue the pending interlocutory appeal.[24] As a result of these communications, the parties conducted a face-to-face conference on October 2, 2013; David Luningham (counsel for Individual Defendants Ronnie Joe Anderson, M.D., and John Jay Shannon, M.D., and for Parkland) and Winston Borum (counsel for Shawn Chambers, M.D., Ann M.

---

[19] *Id*. at 2–3.
[20] *Id*. at 3.
[21] *Id*. at 1.
[22] Ex. 2, Luningham Decl. ¶ 5, at App. 3.
[23] *Id*. ¶ 2, at App. 1.
[24] *Id*.

Molinaro, Sherwin de Guzman) attended for the Individual Defendants, while Brent Rosenthal, Brent Walker, and Charla Aldous attended for Plaintiff.[25]

At the conference, the parties' counsel discussed a proposal that would result in an expedited schedule for answering the reply and dismissal of the appeal.[26] Speaking for the Individual Defendants collectively, David Luningham and Winston Borum proposed some changes to the motion for an expedited scheduling order that Plaintiff had proposed.[27] Plaintiff's counsel wanted to consider these proposals, and requested a few days to do so.[28]

On October 16, David Luningham contacted Plaintiff's counsel by email to follow up on the previous meeting, and Plaintiff's plans to finalize an unopposed motion for an expedited scheduling order.[29] Brent Rosenthal immediately responded and indicated that a new draft would be forthcoming. On October 18, a new draft was proposed, incorporating some of the suggested revisions from the October 2 meeting.[30] Between October 18 and October 22 the parties continued discussions that resulted in the unopposed motion that Plaintiff filed on October 22.[31]

On October 25, the Court denied Plaintiff's motion and entered an order for the Individual Defendants to show cause as to why they should not be held in contempt and sanctioned for violating the Court's scheduling order.[32] The Court also prohibited the Individual Defendants from filing answers for "having failed to

---

[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.* ¶ 3, at App. 2.
[29] *Id.*
[30] *Id.*
[31] *Id.*; *see also* Docket Entry No. 96.
[32] *See* Order, Docket Entry No. 97, at 2.

comply with the scheduling order and currently being in default[.]"[33] As required by the Court's order, and to avoid the imposition of contempt or other sanctions, the Individual Defendants file this response to the Court's order to show why they should not be held in contempt or otherwise sanctioned for their not filing an answer or dispositive motions under the Court's Scheduling Order.

## II.   ARGUMENT & AUTHORITIES

The Individual Defendants respectfully submit that have not taken or failed to take any action that warrants their (or their counsel's) being held in contempt or sanctioned. A court may impose sanctions for a party's violating a scheduling order under Federal Rule of Civil Procedure 16(f). Such sanctions may include dismissal of an action, such as by entry of default, or monetary sanctions. *See* Fed. R. Civ. P. 16(f)(1)–(2) (citing Rule 37(b)(2)(A)(ii)–(vii)). Monetary sanctions are unwarranted, however, where "noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Moreover, "[i]n this circuit it is well established that [a] dismissal with prejudice," such as a default judgment, "is a drastic remedy to which a court may resort only in *extreme* situations where there is a clear record of delay or contumacious conduct by the plaintiff." *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978) (internal quotation marks omitted, emphasis added); *see also Roberts v. Storage & Relocation Servs. Inc.*, 34 Fed. Appx. 962 (5th Cir. 2002). The record must also clearly show that "lesser sanctions would not serve the best interests of justice," and that the court actually considered lesser sanctions. *Roberts*, 34 Fed. Appx. at *3

---

[33] *See* id. at 3.

(internal quotations marks omitted). Indeed, a sanction of default is warranted "only if 'its deterrent value cannot be substantially achieved by use of less drastic sanctions.'" *Id.* (quoting *Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir. 1980)). Additionally, the Court should consider whether the opposing party suffered actual prejudice as a result of the failure to obey the scheduling order. *See, e.g., John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987). Here, neither monetary sanctions, nor default, nor any other sanction is warranted against the Individual Defendants or their counsel because, given the still pending appeal, the Individual Defendants' actions (or inactions) are substantially justified, and any sanction against them while the Fifth Circuit has jurisdiction over them would be unjust.[34]

## A. The Individual Defendants Understood Cases Such as *Williams* to Mean that the Court Lacked Jurisdiction Over Them, Indicating that Their Not Filing Answers or Dispositive Motions Was not a Deliberate Disregard of the Court's Scheduling Order.

One reason the Individual Defendants did not file answers or dispositive motions under the Scheduling Order was because this case was and remains on appeal in the Fifth Circuit, which the Individual Defendants contend automatically divests the Court of jurisdiction over the Individual Defendants. Under *Williams*, "the filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to

---

[34] Because the Individual Defendants have appeared and filed motions to dismiss and are now prosecuting an appeal based on those motions, a default under Federal Rule of Civil Procedure 55 would be inappropriate. *See, e.g., Townsend v. BAC Home Loans Servicing, LP*, 461 Fed. Appx. 367, 371 (5th Cir. 2011) ("[Defendant] was not in default, because it filed a motion to dismiss."). Although Rule 12(a)(4) requires the filing of an answer within fourteen days of the denial a motion to dismiss, as explained further below, it was the Individual Defendants' understanding that their timely filed notices of appeal vested jurisdiction in the Fifth Circuit and would have made their answer (and any other subsequent filings) a nullity. *See, e.g., Williams*, 996 F.2d at 730.

proceed against that defendant." 996 F.2d at 730 (collecting cases). Indeed, "the traditional rule that the filing of a notice of appeal divests a district court of jurisdiction, applies with particular force in the immunity context." *Id*. n.2 (internal citations omitted); *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 883 (5th Cir. 1993) ("A district court loses jurisdiction over all matters validly before a court of appeals."); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously"); *Carty v. Rodriguez*, 211 Fed. Appx. 292, 293 (5th Cir. 2006) (holding that the district court lost jurisdiction over all qualified immunity issues once the defendants filed a notice of appeal); *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820–21 (5th Cir. 1989) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case."). Accordingly, based on these authorities (and many others), the Individual Defendants believe that once they timely filed their notices of appeal, the Court was divested of jurisdiction as to issues related to qualified immunity because their appeal is not "frivolous." *Williams*, 996 F.2d at 730.

"An appeal is frivolous when it involves legal points that are not arguable on their merits." *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 407 (5th Cir.

2007) (internal quotation marks omitted); *accord Ozee v. Am. Council on Gift Annuities, Inc.*, 110 F.3d 1082, 1097 (5th Cir. 1997) ("In this circuit, a frivolous appeal is either one that pursues legal points not arguable on the merits or one in which the result is obvious."). In *Zarnow*, for example, the Fifth Circuit held that an appeal that had no merit was *not* frivolous. *See, e.g.*, 500 F.3d at 407 ("City's appeal may be meritless, but it is not so unjustified as to merit sanctions.").

Under the logic of *Zarnow*, the nonfrivolous nature of the Individual Defendants' appeal is evident from at least two main factors. First, despite Plaintiff's motion to dismiss the appeal for lack of appellate jurisdiction, the Fifth Circuit has concluded that it has jurisdiction to decide the Individual Defendants' appeal.[35] Second, the Individual Defendants' appeal is based in both Supreme Court and Fifth Circuit precedent.

The Individual Defendants were concerned that this Court's Scheduling Order would subject them to discovery and other pre-trial deadlines before it was first determined that Plaintiff's allegations overcome the Individual Defendants' qualified immunity. *E.g.*, *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") (internal quotation marks omitted). The Individual Defendants are therefore of the view that a threshold determination about the Plaintiff's pleadings is required before they can be required to engage in discovery or other pretrial activities. *See Backe*, 691 F.3d at 648; *Wicks*, 41 F.3d at

---

[35] *See, e.g.*, Pl.s' Mot. to Am. Scheduling Order, Ex. 1, Fifth Circuit Order at 1.

997 n.27 ("[I]f the pleadings fail to state facts sufficient to overcome the defense of qualified immunity, then limited discovery is improper and dismissal . . . is in order.");[36] *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery."); *Vander Zee v. Reno*, 73 F.3d 1365, 1368–69 (5th Cir. 1996) ("Even limited discovery on the issue of qualified immunity must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." (internal quotation marks omitted)).

Although the Individual Defendants believed that they did not need a stay from this Court or the Fifth Circuit to invoke appellate jurisdiction, the Individual Defendants did need to request a stay in order to obtain a stay over the entire case, including the non-appealing Defendants UT Southwestern and Parkland. The Individual Defendants believed that such relief was appropriate based on *Iqbal* and other authorities. *See Iqbal*, 556 U.S. at 686 ("It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to

---

[36] Applying these principles, the court in *Wicks* reversed a district court's order requiring the defendants to submit to discovery, even though the district court never technically denied the defendant's motion to dismiss. 41 F.3d at 994. The defendant in *Wicks* filed a motion to dismiss on qualified immunity grounds, and to stay discovery pending resolution of the motion. *Id.* While the motion was still pending, the district court stayed all discovery except for discovery related to qualified immunity. *Id.* On appeal, the plaintiff argued that the court lacked appellate jurisdiction since the district court had not yet ruled on the motion to dismiss, but the court rejected the plaintiff's argument and reversed the district court's discovery order. *Id.* at 994–95.

participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery. . . . ").[37]   Thus, because the Court's jurisdiction was not divested over the remaining non-appealing defendants, the Individual Defendants requested an unopposed stay of the entire case pending appeal. While the Individuals Defendants recognize that the Court disagrees with their position, the Individual Defendants believe that they had a good faith basis for asserting this position, a position which Plaintiff has on two occasions either not opposed or has advanced herself. Sanctions are therefore unwarranted and would be unjust since the Individual Defendants' decision not to file answers or dispositive motions are substantially justified under their good-faith, non-frivolous understanding of Fifth Circuit and other authority.

**B.    The Individual Defendants Did Not File Answers or Dispositive Motions Because, Given Their Appeal, Such Filings Would Have Been a Nullity Since Arguably the District Court Lacks Jurisdiction to Further Alter the Status of this Case.**

A related reason that the Individual Defendants did not file answers or dispositive motions after they filed their notice of appeal was that such filings would arguably have been of no effect, and therefore arguably a waste of judicial

---

[37] The Individual Defendants also relied authority from other district courts, including some from this circuit, that held that discovery from non-immune defendants is inextricably intertwined with allegations against qualifiedly immune defendants and warrants a stay of the entire case. *See, e.g., M.G. v. Metro. Interpreters & Translators, Inc.*, No. 12-cv-460, 2013 WL 690833, at *3 (S.D. Cal. Feb. 26, 2013); *Herrera v. Santa Fe Public Schools*, No. 11-cv-0422, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012); *A.A. ex rel. Archuletta v. Martinez*, No. 12-cv-00732, 2012 WL 5974170, at *1–2 (D. Colo. Oct. 9, 2012); *Galla v. Citizens Medical Center*, No. V-10-14, 2011 WL 23233, at *1-2 (S.D. Tex. Jan. 4, 2011).

resources. As already noted, "[w]hen one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). This means that "[a] district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *Id.*

Applying these principles in *Dayton*, the Fifth Circuit held that it maintained appellate jurisdiction over the defendant's appeal despite the fact that the plaintiffs dropped the claims that were subject to the appeal while the appeal was pending. *Id.* at 1063. The plaintiffs in *Dayton* have asserted claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), which the defendants had moved to dismiss, and which motions the district court denied. *See id.* After the defendant filed its notice of appeal, however, the plaintiff filed, and the district court granted, a motion for leave to amend the complaint, and drop not only the CERCLA claims subject to the appeal, but also one of the defendants. *Id.* On appeal, the plaintiffs argued that the appeal should be dismissed as moot given the amended complaint. But the Fifth Circuit rejected the plaintiffs' argument. *Id.* The court instead concluded that "the district court acted without jurisdiction in granting appellees leave to amend to drop the CERCLA claim and dismiss [one of the defendants]." *Id.* at 1064. This was so, the court held, because "in granting plaintiffs' motion to amend and drop all CERCLA claims and dismiss [one defendant] from the actions, the district court significantly changed the status of the appeals," and thus exceeded its jurisdiction. *Id.* at 1063; *see also Alvarez v.*

*Midland Credit Mgmt., Inc.*, 585 F.3d 890, 892 n.2 (5th Cir. 2009) (holding that district court lacked jurisdiction to enter an order while case was pending appeal); *Williams*, 996 F.2d at 729–30 (holding that district court lacked jurisdiction to dismiss case with prejudice for failure to file a joint pre-trial order while the defendant's immunity appeal was pending, and ordering that case be reinstated).

Accordingly, under the principles expressed in cases such as *Dayton*, *Williams*, and *Alvarez* the Individual Defendants understood that it would have been a waste of judicial resources for them to file answers and dispositive motions on the issues of qualified immunity since qualified immunity was the sole basis for their valid appeal. For even if the Individual Defendants had filed answers and dispositive motions, under authorities such as *Dayton*, the Court would arguably lack the power to resolve those dispositive motions, or to permit Plaintiff to file her Rule 7(a) reply, as any such actions would significantly change the status of the appeals, such as by resulting in the filing of a new pleading (the Rule 7(a) reply), or possibly the dismissal of some of Plaintiff's claims. *See, e.g.*, *Dayton*, 906 F.2d at 1063–64. So the Individual Defendants were substantially justified in not filing answers or dispositive motions. Any contempt or other sanctions against them or their counsel are therefore unwarranted and unjust.

**C.     Despite Their Pending Appeal, the Individual Defendants Conferred in Good Faith with Plaintiff in an Attempt to Informally Resolve the Issues on Appeal.**

Even though the Individual Defendants have a valid appeal pending before the Fifth Circuit, the Individual Defendants have not rebuffed Plaintiff's efforts to

informally resolve the main issues in the appeal, such as the Individual Defendants'
being subject to discovery and other pre-trial deadlines without a threshold
determination that Plaintiff's complaint is sufficient to overcome qualified
immunity. This is why the Individual Defendants conferred with the Plaintiff
regarding a motion to amend the scheduling order within four days of the denial of
the motion to stay, conducted a face-to-face conference with Plaintiff's counsel, and
worked cooperatively with Plaintiff to fashion agreed relief in effort to try to
accommodate a new schedule.[38] The Individual Defendants now respectfully request
the opportunity to assert the defense of qualified immunity by filing answers
without being held in contempt or subject to sanctions for having previously
asserted the defense in a manner they believe to be authorized under Supreme
Court and Fifth Circuit precedent. If the Court will allow the Individual Defendants
to file answers to assert this defense, then they would respectfully request the
opportunity to do so. Defendants stand ready to comply with an expedited
scheduling order.

Finally, prejudice is another key factor in the sanctions calculus under
Rule 16. *See, e.g.*, *John*, 828 F.2d at 1131. Here, Plaintiff has joined in several
efforts to extend the deadlines in this case, and has twice gone on the record as
unopposed to the Individual Defendants' requests to stay the case, including staying
discovery. This factor weighs further against imposing any sanctions against the
Individual Defendants or their counsel.

---

[38] Ex. 2, Luningham Decl. ¶¶ 2–4, at App. 1–3.

## CONCLUSION

At no point did the Individual Defendants or their counsel intend to violate the Court's scheduling order. To the contrary, until they filed their appeal (and jurisdiction vested in the Fifth Circuit), the Individual Defendants scrupulously observed all deadlines the Court had set and actively participated in the case. The Fifth Circuit and Supreme Court have held that the filing of a valid notice of appeal, such as those the Individual Defendants filed, deprives a district court of jurisdiction not only over the aspects of the case that have been appealed, but also to alter the status of the case while the appeal is pending. It was with that background and understanding that the Individual Defendants filed neither answers nor dispositive motions while their appeal is pending. As that understanding is consistent with Fifth Circuit and Supreme Court decisions, the Individual Defendants are not deserving of contempt or other sanctions. The Individual Defendants therefore respectfully request that the Court not hold either them or their counsel in contempt, and that the Court refrain from sanctioning them or their counsel, and allow the Individual Defendants to file their answers.

Date: October 30, 2013                    Respectfully submitted,

/s/ E. Leon Carter                         /s/ Winston L. Borum
E. Leon Carter (No. 03914300)             Winston L. Borum (No. 02675500)
lcarter@carterstafford.com                borum@borumhancock.com
Joshua J. Bennett (No. 24059444)          **BORUM & HANCOCK, L.L.P.**
jbennett@carterstafford.com               801 Cherry Street, Ste. 2485
**CARTER STAFFORD ARNETT HAMADA**          Fort Worth, Texas 76102
**& MOCKLER, PLLC**                        Telephone: (817) 336-4100
8150 N. Central Expressway, Ste. 1950     Facsimile: (817) 336-4141
Dallas, Texas 75206
Telephone:  (214) 550-8188
Facsimile:  (214) 550-8185                 **COUNSEL FOR SHAWN**
                                          **CHAMBERS, M.D., ANN M.**
                                          **MOLINARO, R.N., AND SHERWIN**
**COUNSEL FOR RONALD GIVENS**              **DE GUZMAN, R.N.**
**AND ALEXANDER ACHEBE**

/s/ Wm. Andrew Messer                      /s/ William W. Krueger
Wm. Andrew Messer (No. 13472230)          William W. Krueger, III (No. 11740530)
andy@txmunicipallaw.com                   Bill@mckamiekrueger.com
Jennifer W. DeCurtis (No. 24045767)       Dimple Joseph (No. 24060049)
Jennifer@txmunicipallaw.com               Dimple@mckamiekrueger.com
**MESSER, ROCKEFELLER & FORT, PLLC**       **MCKAMIE KRUEGER, L.L.P.**
6351 Preston Road, Ste. 350               2007 N. Collins, Ste. 501
Frisco, Texas 75034                       Richardson, Texas 75080
Telephone: (972) 668-6400                 Telephone: (214) 253-2600
Facsimile: (972) 688-6414                 Facsimile: (214) 253-2626

**COUNSEL FOR NANCY**                      **COUNSEL FOR JOHNNY**
**SCHIERDING & VERNELL BROWN**             **ROBERTS**

/s/ David Luningham
David Luningham (No. 12698850)
dluningham@watsoncaraway.com
Helena Venturini (No. 24065082)
hventurini@watsoncaraway.com
Brian Scott Bradley (No. 20001672)
bscott@watsoncaraway.com
**WATSON, CARAWAY, MIDKIFF &
LUNINGHAM, L.L.P.**
309 W. 7th Street, Ste. 1600
Fort Worth, Texas 76102
Telephone: (817) 870-1729
Facsimile: (817) 338-4842

**COUNSEL FOR DALLAS COUNTY
HOSPITAL DISTRICT, RONNIE
JOE ANDERSON, M.D., AND JOHN
JAY SHANNON, M.D.**

/s/ Michael W. Youtt
Michael W. Youtt (No. 00792315)
myoutt@kslaw.com
William R. Burns (No. 24055236)
bburns@kslaw.com
**KING & SPALDING LLP**
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

**COUNSEL FOR UNIVERSITY OF
TEXAS SOUTHWESTERN
MEDICAL CENTER, KEVIN T.
BROWN, M.D., JOHN QUINN, M.D.,
AND JOHN GREGORY FRITZ,
M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2013, a true and correct copy of the foregoing document has been served on all counsel of record via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

/s/ Joshua J. Bennett
Joshua J. Bennett