IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ONIE JANE PENA, individually and as representative of the Estate of George Cornell, deceased | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:12-cv-439-N |
| Dallas County Hospital District, d/b/a Parkland Health and Hospital System et al., | § § § § § | |
| Defendants. | § | |

**INDIVIDUAL DEFENDANTS' APPENDIX IN SUPPORT OF THEIR JOINT RESPONSE TO THE COURT'S OCTOBER 25, 2013 SHOW CAUSE ORDER**

| Ex. | Appendix No(s). | Description |
|---|---|---|
| 1 | App. 1 – App. 3 | Declaration of David Luningham |

Date: October 30, 2013

Respectfully submitted,

*/s/ E. Leon Carter*
E. Leon Carter (No. 03914300)
lcarter@carterstafford.com
Joshua J. Bennett (No. 240594440)
jbennett@carterstafford.com
CARTER STAFFORD ARNETT HAMADA & MOCKLER, PLLC
8150 N. Central Expy, Ste. 1950
Dallas, Texas 75206
Telephone: (214) 550-8188
Facsimile: (214) 550-8185
**ATTORNEYS FOR RONALD GIVENS AND ALEXANDER ACHEBE**

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2013, the foregoing appendix was served on all counsel of record through the Court's electronic filing system.

*/s/ Joshua J. Bennett*
Joshua J. Bennett

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ONIE JANE PENA, individually and as representative of the Estate of George Cornell, deceased<br><br>Plaintiff,<br><br>v.<br><br>DALLAS COUNTY HOSPITAL DISTRICT, D/B/A PARKLAND HEALTH AND HOSPITAL SYSTEM et al.,<br><br>Defendants. | § § § § § § § § § § § § § § § | Case No. 3:12-cv-439-N |

## DECLARATION OF DAVID LUNINGHAM

I, David Luningham, declare as follows:

1. I am David Luningham, an attorney licensed to practice law in the States of Texas and Oklahoma and also admitted to practice in the Northern District of Texas and before the Fifth Circuit Court of Appeals. The declarations and statements made herein are true and correct.

2. On September 25, 2013, a panel for the United States Court of Appeals for the Fifth Circuit issued its per curiam opinion in this matter in response to both the Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction and Appellant's Motion for Stay of the District Court's Proceedings. On Monday, September 30, 2013, five days after receiving the opinion, counsel for all Defendants conferred to discuss the procedural posture of the case. That same day, I exchanged emails and phone calls with Brent Rosenthal, one of the counsel for the Plaintiff, regarding an amended scheduling order and expedited disposition of this matter in the

trial court. In fact, on September 30th, Mr. Rosenthal forwarded a proposed Motion for Expedited Scheduling Order. The discussions about the proposal were positive. A face-to-face meeting was arranged and held two days later on October 2, 2013. Those present at the conference, held at the office of Plaintiff's counsel, were myself, Winston Borum, Charla Aldous, Brent Walker, and Brent Rosenthal. The topic of discussion was an agreed motion to set a new expedited briefing scheduling, which would encompass both a deadline for answering for the individual Defendants, a date for a Rule 7(a) reply, and other related deadlines, including a deadline for motions to dismiss and/or motions for summary judgment. Additionally, the conference also included discussion of a possible dismissal of the appeal so that the procedural posture of the case would be clearly back in the trial court.

3. At the conclusion of the October 2nd conference, Plaintiff's counsel wanted to confer with each other and consider the proposals discussed. On October 16, 2013, I contacted all three of Plaintiff's counsel (Charla Aldous, Brent Walker, and Brent Rosenthal) to follow up on the October 2nd conference and to further discuss the agreements. Plaintiffs' counsel, Brent Rosenthal, responded immediately, indicating that they were still discussing the matter. Two days later, on October 18, 2013, Mr. Rosenthal forwarded to me a new revised motion to amend the scheduling order. On October 21st and again on October 22nd, counsel conferred and made minor changes to the proposed motion to amend the scheduling order. On October 22, 2013, the Plaintiff filed Plaintiff's Unopposed Motion to Amend Scheduling Order and Request for Expedited Disposition. The effect of the amended scheduling order would have been to provide an expedited schedule and simultaneously result in dismissal of the pending appeal. Counsel on both sides worked diligently to reach an agreement and each side made concessions to accommodate the efficient handling of this case going forward.

4. Defendants collectively were, since shortly after the September 25th Order, working with opposing counsel toward a motion for an expedited scheduling order that would result in Defendants answering and framing the qualified immunity issue . Had the individual Defendants not been working with opposing counsel since September 30th, the individual Defendants would have, instead filed a motion for leave to file an answer shortly after September 30th.

I declare under penalty of perjury that the foregoing is true and correct.

Date:   October 30, 2013

_____
DAVID LUNINGHAM